## BONSALL v. TAYLOR.

Where an action was commenced on the 27th day of April, 1857, on a promissory note, and for a mechanic's lien, which note was dated the 6th

of April, 1857, and was payable fifteen days after date, the petition al-
leged' that the parties made a contract, under which the plaintiff fur-
nished the defendant certain brick for the erection and reparation of a
mill on the premises described in the petition; that the said brick were
used in the erection and reparation of the said mill; and were fur-
nished at the dates and prices specified in an account attached to said
petition; and that on the 6th day of April, 1857, the parties had a set-
tlement, when there was found to be due the plaintiff, for said brick,
the sum of one hundred and sixty-seven dollars and eighty cents, for
which amount the defendant executed the note on which suit is brought
—attached to which petition, was an account, showing the brick to
have been delivered at various dates between the 27th day of Septem-
ber, 1855, and the 3d day of September, 1856; and where the defend-
ant answered, admitting the execution of the note; denying that plain-
tiff was entitled to a mechanic's lien; and averring that all the brick,
except the last three items, were furnished more than one year before
the commencement of the suit, and were to be, by the terms of the con-
tract, paid for on delivery, that all of said brick furnished before the
22nd day of July, 1856, were furnished on a separate and distinct con-
tract for building the mill; and that the whole matter was closed up,
and was distinct and separate from those furnished at and since said
last date, and were, by the terms of the contract, to be paid for on de-
livery, to which answer there was a replication in denial; *Held*, That
in the absence of any other testimony, the note furnished the only evi-
dence of the agreement of the parties as to the time at which the brick
were to be paid for; and that the plaintiff was entitled to a mechanic's
lien on the premises.

*Appeal from the Muscatine District Court.*

FRIDAY, APRIL 9.

This was an action to recover the amount of a promis-
sory note, and to establish a mechanic's lien on lot uumber
ten, in block sixty-two, in the city of Muscatine, commenced
on the 27th day of April, 1857.    The note reads as fol-
lows:

"MUSCATINE, Iowa, April, 6, 1857.

Fifteen days after date, I promise to pay to the order of
George W. Bonsall one hundred and sixty-seven dollars
and eighty cents, for value received, without defalcation or
discount, negotiable and payable at the banking house of
Isett & Brewster. This note is given for materials furnished

for building on lot ten in block sixty-two, Muscatine,
Iowa.                                          JOHN TAYLOR."

The petition alleges that defendant made a contract with
plaintiff, under which the plaintiff furnished the defend-
ant certain brick, especially for the erection and reparation
of a mill on said described real estate, a full account of
which said brick, with the dates of delivery, and the pri-
ces, is attached to said petition; that said brick were used
in the erection and reparation of said building on the lot
aforesaid, of which defendant was then the owner; and
that on the 6th day of April, 1857, the plaintiff and de-
fendant had a settlement, and there was found to be due
the former, for the said brick, the sum of one hundred and
sixty-seven dollars and eighty cents, for which amount the
defendant then executed the said note on which suit is
brought.   Attached to the petition, is an account, showing
that the brick were delivered at different dates between the
27th of September, 1855, and the 3d of September, 1856,
at eight dollars per thousand.   The answer admits the ex-
ecution of the note; denies that plaintiff is entitled to a
mechanic's lien; and avers that all of the brick, except the
three last items, were furnished more than one year before
the commencement of this suit, and were to be, by the terms
of the contract, paid for on delivery, and much of said brick
was so paid for on delivery; that all of said brick furnished
before the 22d of July, 1856, were furnished on a separate
and distinct contract, for building the mill; and that the
whole matter was closed up, and was distinct and separate
from those furnished at and since the last date, and were,
by the terms of the contract, to be paid for on delivery.
To this answer, there was a replication in denial.   The
cause was tried by the court, without a jury, and judg-
ment rendered for the plaintiff for the amount found to be
due on the note, and establishing a mechanic's lien on the
premises.   The defendant appeals.

*Henry O'Connor*, for the appellant.

*Richman & Brother*, for the appellee.

STOCKTON, J.—The promissory note for the materials furnished, is payable fifteen days after date. In the absence of any other evidence of the time when the bricks were to be paid for, we must ascertain the time from the note, as furnishing the only evidence of the agreement of the parties as to the time of payment.

The action for the lien, must be commenced within one year from the time payment should have been made, by virtue of the contract under which the lien is claimed. Code, section 984. In this view of the law of the case, it does not matter that the action was not commenced within one year from the time that the greater portion of the bricks was furnished, as the defendant does not show that by agreement, they were to be paid for at any time different from that shown by the promissory note given for their payment. For all the purposes of this suit, and as between the plaintiff and defendant, we must take the time shown by the note, as the contract time of payment; and as the suit was commenced within one year from the time of payment as therein fixed, the plaintiff was entitled to a judgment for a mechanic's lien for the price of the brick, and the judgment of the district court will be affirmed.

Judgment affirmed.