## Cotes & Davis *v.* Shorey.

To entitle a party to a mechanic's lien, under section 981 of the Code, it is not sufficient to show that he furnished the materials, without proof to establish the further fact, that it was upon a contract, that they were furnished especially, or for the purpose of being used for or about a building.

In such a case, the contract need not be in writing, nor need it be proved by direct and positive testimony, but the jury should be satisfied that such agreement existed, and that the materials were delivered, or furnished, pursuant to it.

The law contemplates a contract or agreement more specific, than the mere purchase of the materials in the ordinary course of trade, and that the parties shall mutually understand that they are to be used, and are furnished to be used, about the erection or reparation of a building.

Where the materials are sold to the vendee, and he obtains them for the purpose of erecting a house, or other building, and where this is the mutual understanding, or agreement of the parties, the vendor will be entitled to a lien, although the particular house was not understood or mentioned.

The words "especially for any building," in section 981 of the Code, means materials furnished for building or repairing purposes, as contradistinguished from a furnishing for general, or unknown purposes, rather than that the material shall be furnished especially for any particular building.

Where in an action for a mechanic's lien, the plaintiff asked the court to

Cotes & Davies v. Shorey.

instruct the jury as follows: " That if the jury believe from the evidence, that the plaintiffs sold the materials charged in the account, for the purpose of erecting a house, *though the particular house was not then understood by the parties ;* and if the jury also believe that said materials, or any part thereof, were used by the defendant in erecting the house described in plaintiff's petition, the jury will find for the plaintiffs, and establish their lien as prayed, for such amount of said materials as the jury believe were so used in the construction of said building; and the purpose for which the said materials were sold, may be proved by circumstances, from which such purpose may be inferred, or by an express contract to that effect," which instruction the court refused to give, and gave an instruction containing substantially the converse of said proposition; *Held,* That the court erred in refusing to give the one, and in giving the other instruction.

*Appeal from the Scott District Court.*

WEDNESDAY, JUNE 8.

PLAINTIFFS sue for materials furnished in the erection of a certain house, and ask a mechanic's lien. As to the amount due, there is no controversy. The questions in the case, arise upon the instructions given and refused as to the right of the plaintiffs to the lien, for which, see the opinion.

*Cook, Lindley & Clark,* for the appellants.

*Leake & Shorey,* for the appellee.

WRIGHT, C. J.—This case involves the construction of section 981 of the Code, which provides that " every person who by virtue of a contract with the owner of a piece of land, performs work, or furnishes material, especially for any building, and which material is used in the erection, or reparation thereof, has a lien, &c." Defendant claims that the material in this case, was furnished to him upon his personal responsibility, and not upon any contract, that it was especially for the building named in the petition. The law of the case upon this subject, as held by the court below, is sufficiently shown by reference to the following instructions

—the first, asked by the plaintiffs and refused, and the second, given by the court upon its own motion:

*First.* " If the jury believe, from the evidence, that the plaintiffs sold the materials charged in the account of the plaintiffs to the defendant, for the purpose of erecting a house with the same, though the particular house was not then understood by the parties; and if the jury also believe, that said materials, or any part thereof, were used by the defendant in erecting the house described in the plaintiff's petition, the jury will find for the plaintiffs, and establish their lien, as prayed, for such amount of said materials as the jury believe were so used in the construction of said building; and the purpose for which the said materials were sold, may be proved by circumstances, from which such purpose may be inferred, or by an express contract to that effect."

*Second.* " In order to entitle the plaintiffs to a mechanic's lien, it must appear that they sold, and the defendant purchased, the lumber, or some of it, with the mutual agreement or understanding, at the time, that the same was purchased to be used in the construction of this building; that the same, or some portion of it, was used for that purpose; and that the defendant had some interest in the lot on which the building was erected."

Our opinion is, that in giving the one, and refusing the other instruction, there was error. If the lumber was furnished from time to time, and charged in account, as the merchant or shopman charges his goods, and there was no contract, agreement, or understanding, that it was to be used in the erection or reparation of a building, plaintiffs would not be entitled to a lien. To entitle the party furnishing the materials, to a lien, it is not sufficient for him to show that he sold or delivered the defendant lumber, without proof to establish the further fact, that it was upon a contract that it was furnished specially, or for the purpose of being used for or about a building. This contract need not be in writing, nor need it be proved by direct and positive testimony. But the jury should be satisfied that such an

agreement existed, and that the lumber was delivered, or furnished, pursuant to it.

To illustrate, by reference to the circumstances of this case : Plaintiffs are engaged in keeping a lumber yard. Defendant carries on a machine shop, and in the prosecution of his business, uses lumber for making patterns, and other purposes. Now, if defendant ordered lumber from time to time, or took it from the yard, without anything being said as to the purposes for which it was to be used—if it was delivered to him in the ordinary course of trade—the plaintiff would not be entitled to a lien, though the lumber may have been used in the erection of the building. The law contemplates a contract or agreement, more specific and special in terms, with reference to the proposed use of the lumber, and that the parties shall mutually understand, that it is to be used, and is furnished to be used, about the erection or reparation of a building.

If it was sold, however, to the defendant, and he got it for the purpose of erecting a house—if this was the mutual understanding or agreement of the parties—plaintiffs would have a lien, though there was no contract that it was furnished for this house, (the one named in the petition)—though the particular house was not at the time understood, referred to, or mentioned. If the defendant purchased, and the plaintiffs sold him, lumber for the purpose of building a house, and no particular lot or tract of land designated, whereon it was to be located, and the lumber was used in a house afterwards erected by the defendant, the plaintiff's right to a lien would be as perfect as if it had been furnished to repair a house especially and definitely pointed out and named. When the Code speaks of material furnished especially for any building, it means for building or repairing purposes, as contradistinguished from a furnishing for general or unknown purposes, rather than that it shall be furnished especially for any particular house or building.

Judgment reversed.