THE SCHOOL DISTRICT TOWNSHIP OF SIOUX CITY v. PRATT.

1. Pleading: REDUNDANCY: MOTION AND DEMURRER. Redundancy in a pleading should be corrected on motion, and not by demurrer.

2. School district: DIRECTORS. The powers with which boards of school district directors are invested are ministerial and not judicial, and the official acts of such boards are reviewed by the county superintendent, on appeal, as the exercise of ministerial powers.

3. ——— The statute authorizing an appeal from the decision of a board of directors of a school district to the county superintendent does not invest the last mentioned officer with judicial powers.

*Appeal from Polk District Court.*

MONDAY, JUNE 27.

THIS cause originated in Woodbury county, and, by a change of venue, was brought to Polk county. The object thereof is to annul and set aside a contract entered into between the board of directors of said district and the defendant for the erection of a school house, upon the ground of fraud and illegality.

A demurrer was filed to the original, as well as to the amended or supplemental petition, and sustained as to a portion of the latter, from which the plaintiff appeals.

*John Mitchell* for the appellant.

*Casady & Polk* for the appellee.

LOWE, J.—It is not competent to demur unless the objection falls within one or more of the six cases enumerated in § 2876 of the Revision. It is clear that the grounds of demurrer in this case must come under the fifth specification, if any, namely, the facts set out are not sufficient to constitute a cause of action, or that it states some facts which avoids the cause of action.

In the original petition is set out with much particularity the contract entered into between the board of directors of said school district, and the defendant, alleging a want of authority to make the same, and stating acts on the part of both contracting parties, which, if true, were manifestly fraudulent and illegal, and entitled the plaintiff to the relief asked. That a sufficient cause of action is stated in this petition, will hardly be questioned. But after the filing thereof, and after the commencing of this suit, a taxpayer of said district, under § 2133 of the Revision, appealed from the action of the board of directors in the premises, to the county superintendent, and after a full hearing, the contract aforesaid was declared illegal and void, and thereupon the plaintiff filed an amended or supplemental petition, setting out, among other things, the result or decision of the county superintendent upon the conduct of the board of directors in relation to the building contract. The statement of this additional fact added nothing to the plaintiff's cause of action; indeed it was redundant or impertinent matter, which, upon motion, would very properly be stricken out. But, instead of making such a motion, the defendant demurred, and he demurred to the whole, the original as well as the amended petition; and the same was sustained to that portion of the amended petition which included the action of the county superintendent aforesaid. This did not touch or affect the plaintiff's real cause of action. It only reached a statement superfluous in itself, but which was designed, perhaps, to render broader and clearer plaintiff's cause of action. It is not, however, the office of a demurrer to object to pleadings, because they embrace too much. Such defects are to be reached by motion.

In argument it is claimed that the statute referred to, granting an appeal from the transactions of the board of

**2. School** school directors to the county superintendent,
**District :**
**directors.** clothes the latter officers with judicial power,
and to that extent is invalid. This is believed to be a
misapprehension.

None will claim that the statute, defining and regulating
the duties and powers of the school board of directors,
invests them with judicial power. Their acts and their
authority in their nature are ministerial, and not judicial.
The superintendent, in reversing the same on appeal, is
limited, necessarily, to the same subject, and to the exer-
cise of the same kind of power, and when the statute says
his decision shall be final, it means simply as a ministerial
act. This is further manifest, from the fact that § 2140 of
the Revision, on the same subject, expressly withheld from
the superintendent the power to render judgments for
money, thereby showing that neither party is to be shut
up to his decision, so far as their rights and remedies by
legal procedure are concerned.

We need not say the other ground of demurrer finds no
support, and the order sustaining the same is

Reversed.