BECKWITH *et ux.* v. DARGETS *et al.*

1. Pleadings: DEMURRER. A petition may be assailed by demurrer for a defect, but not for a misjoinder of parties.
2. Parties: JOINDER. All parties necessary to a complete settlement of the question involved, may be properly made parties to a bill to remove a cloud upon title.

*Appeal from Marshall District Court.*

MONDAY, APRIL 10.

IN equity, to remove a cloud upon plaintiffs' title to a certain lot therein described. Dargets (plaintiffs' vendor) and Woodbury and Boardman, who, it is alleged, have, or had, an interest in the property, are made defendants. A demurrer of all the defendants to the petition was sustained in favor of Woodbury and Boardman; and from this ruling plaintiffs appeal.

*L. W. Griswold* for the appellants.

*Henderson and Boardman* for the appellees. .

WRIGHT, Ch. J. — The *misjoinder* of parties is not a cause for demurrer, under our system of pleading and practice.

**1. PLEAD-INGS: demurrer.** A. petition may be thus assailed for a *defect* of parties (plaintiffs or defendants), but not for misjoinder. (Rev., § 2876; *Gregory* v. *Oaksmith,* 12 How., 134; *Peabody* v. *Washington Insurance Company,* 20 Barb., 339; *Dean* v. *English,* 18 B. Monr., 136; *Brownson* v. *Gifford,* 8 How., 389; *Perry* v. *Kearns,* 15 Iowa, 171.)

But, passing this view of the case, let us briefly recur to the facts, and ascertain if the appellees (Woodbury and **2. PARTIES: joinder.** Boardman) were not properly made defendants. The bill alleges that Dargets, in August, 1860, made a deed to the plaintiffs of lot 7, b. 3, in the town of Marshall, for the consideration, then paid, of four hundred dollars; that this deed was defectively acknowledged (and this appears to be true, from the copy attached); that it was filed for record, September 13, 1860; that a "mistake or ambiguity exists with regard to the description of the lot," resulting from the character of the plats and additions made to the original town, which uncertainty is particularly set out, but need not be here recapitulated.

It is also stated that lot 7, in b. 3, in Marshall, corresponds with the size and specific description of that contained in plaintiffs' deed, while there is in Marshalltown (which includes the original plat and additions) a lot of like numbers; that both of said lots have been sold for taxes; and that Boardman is prosecuting his action at law against plaintiff and Dargets to recover both, although Dargets never owned or pretended to own the lot in Marshall *town.*

It is next averred that Dargets pretends to have some claim to the lot in controversy; that he denies having ever sold or conveyed the same to plaintiffs, and declines to properly acknowledge the deed; that plaintiffs can establish the execution of the deed, and that the lot claimed is on the town or village plat of Marshall; that Dargets paid all taxes on said lot due prior to 1860, including those assessed for 1858; that he holds the treasurer's receipt

therefor, but is unwilling to produce the same, of all which, as well as of plaintiffs' ownership, the several defendants had notice prior to the purchase of the property for the delinquent taxes of that year.

The bill further shows that said defendants falsely and fraudulently combined to procure the sale of said lot for the taxes of 1858; that no taxes were legally assessed against it: that none were due or owing; that plaintiffs have resided in said town ever since receiving their deed; had no knowledge that it had been sold for taxes, or that the taxes were claimed to be unpaid for 1858, until after the expiration of the time for redemption; that defendants combined to cheat and defraud said plaintiffs; that plaintiffs have paid all the taxes assessed against the lot since 1858; that Woodbury bought the same in 1860 for the alleged delinquent taxes of 1858, with the view of defrauding plaintiffs, and conveyed the same to Boardman to carry out the same purpose; that defendants combined to withhold from plaintiffs' knowledge of said sale for taxes, until after the time for redemption had expired, and that the conveyance to Woodbury and by him to Boardman, is a cloud upon their title, which they ask to have removed and the title confirmed in them.

In view of these averments it can certainly require no argument to show that these parties were all properly made defendants.   Not that they were *necessary* parties within the rule of the statute or equity practice, but that the plaintiff might, at his election, join them.   As to Dargets and Boardman there can be no possible room for doubt. Some of the matters here set up would not be available in the law action, and the prime object in filing this bill was to avoid this difficulty.   Then Woodbury having confederated with the other defendants to perpetrate the alleged fraud, and standing as the vendor and grantor of the property to one of his co-defendants, the propriety of mak-

ing him a party in order to the complete settlement of the questions involved, is reasonably manifest. Upon this subject, see Rev., § 2761; Story's Eq. Plead., §§ 153, 156, 351, 72, 76, *a* and *b*, 225; Story's Eq. Jur., § 908.

Reversed.