Jones v. Swan & Co.

## JONES v. SWAN & Co.

1. **Mechanics' lien : CONTRACT.** While it is necessary .that the work performed or material furnished should, to entitle the mechanic to a lien, be performed or furnished under contract, it is not necessary that every item furnished should be contemplated and specifically named at the time of making the contract. It makes no difference if the items are charged from time to time in the books of the builder or mechanic in the same manner that he generally charges his other customers ; neither is it necessary that it should be expressly understood that he is to have a lien for his work and materials.

2. —— **NOTICE TO SUBSEQUENT PURCHASERS.** Mortgagees and incumbrancers are charged with notice of mechanics' liens which have attached within ninety days before the execution of the mortgage or incumbrance.

3. —— **COMMENCEMENT OF LIEN : NOTICE.** A mechanic's lien attaches at the commencement of his work, and the ninety days allowed for the filing of notice with the clerk commences when all the materials or work are finished or performed.

*Appeal from Johnson District Court.*

TUESDAY, OCTOBER 2.

MECHANICS' LIEN.—The account commenced in December, 1863, and closed in May, 1865 ; amounts to $750.55, and is for work and materials done and furnished on and about certain machinery in a flax factory, situated upon the premises described in the petition, at the request and

upon a contract, as is alleged, with the defendants, Swan & Co. In June, 1865, plaintiff filed with the proper clerk an account of his demand, with a description of •the property to be charged with his lien, duly verified by affidavit.

On the 24th day of April, 1865, Swan &. Co. made a mortgage to the defendant Luse, and on the 11th of May a like instrument to the defendant Branch, upon the factory and grounds, to secure in the aggregate the sum of $27,500. Some $25 of the plaintiff's account accrued after the first mortgage, and $4 after the second, the latter amount only after both mortgages were filed for record.

All the defendants answer ; and after hearing the testimony, the court found for the plaintiff, established the lien, and defendants appeal.

*Edmonds & Ransom* for the appellants.

*Wm. E. Miller* for the appellee.

WRIGHT, J. — No question is made as to the correctness of plaintiff's account. The error relied on is in establishing the lien. Swan & Co., in their answer, deny the right to a lien, unless it be for such items as were furnished within *one year* before the commencement of this suit, to wit, June 30, 1865.

1. MECHAN-ICS' LIEN: contract.

The other defendants deny the right to a lien, except for such items as were furnished within *ninety* days next before filing the claim with the clerk of the District Court. Under the first theory, plaintiffs were entitled to a lien for some $600 of their claim ; under the second for about $45. But as to the entire demand and the lien asked, the defense is that these articles were furnished from time to time as they were needed for repairs to the machinery, without any special contract, and charged in account ; that each order for work or material was a new

contract—" the *implied contract* which arises when the owner of a dwelling or mill sends to a mechanic or merchant for something with which to improve or repair his buildings or machinery to meet new exigencies, which often arise in the management of such property."

It is also insisted in the answer of Swan & Co., that plaintiff's claim " consists wholly of items constituting merely an open running account," " furnished upon separate contract made at . the time of furnishing the same;" that from time to time, as the engine and other machinery needed repairs, plaintiff was called upon for work and material, and in furnishing the same, charged the items, as defendant supposed, " in his books, as against other persons, for whom similar work or material were furnished."

From the testimony the court was justified in finding the following facts : Plaintiff is a founder and machinist. The articles were furnished as charged, commencing on the 2d of December, 1863, and closing May 23, 1865, the account running continuously through the entire time. The work was done and materials furnished in repairing old and in making new machinery, from time to time, as the owners of the property required, in pursuance of a verbal contract, made about the time the first articles were furnished, under which plaintiff was to make and furnish castings as they were ordered, with the knowledge and understanding that they were to be used in this factory, and where they were in fact used. At this time all the items of the bill were not contemplated, but as additions and changes would be made, other orders would be given, plaintiff acting under the same contract, and defendants doing nothing to lead to any other supposition. The items were charged in plaintiff's books, as he charged other persons, Swan, the active partner, frequently calling and ordering the work.

Upon these facts the court very properly recognized and established plaintiff's lien. He is a "mechanic" or "artisan." As such he "performed labor" and "furnished materials" in and about the construction and repair of certain "machinery or fixtures" in defendants' factory. This was a part of the erection or improvement upon the land. And this was all done under a contract with the owner or proprietor of the factory or building, including the land upon which the same was situated.

To entitle the mechanic or builder to a lien, it is not necessary that every item furnished should be contemplated and specifically named at the time of making the contract. They must, we admit, be furnished under a contract with the owner or proprietor. But if thus furnished, it makes no difference that the items were charged, from time to time, in the builder's or mechanic's books, in the same manner that he charges his other customers generally. Nor is it necessary that it should be expressly understood that the artisan is to have a lien for his work and materials. Such a contract is not made in one case in fifty. Nor does the law contemplate it, in order to make the lien effectual. Such lien attaches, and shall be preferred to all other liens or incumbrances, which become such *subsequent* to the *commencement* of the building, erection or improvement.

And it is as much the duty of such subsequent mortgagees, or incumbrancers, to ascertain whether mechanics have such liens, as to take notice of liens properly recorded. Plaintiff had by law ninety days within which to file with the clerk, notice of his demand and claim. After this he was protected, of course. And so he was before; for the law recognizes the right until such time without notice.

2. —— notice to subsequent purchasers.

When the work is done and materials furnished under a contract, the notice is not to be given within ninety

<sub>3 — com-mencement of lien: no-tice.</sub> days from the time of doing or furnishing *each* item, but within ninety days after all shall be furnished or done. Rev., §§ 1846, 1851-3. The contract is treated as entire, all the items being furnished thereunder. Where there is a continuous, open, current account, the cause of action, under the statute of limitations, shall be deemed to have accrued as to all on the date of the last item. And so the mechanic's lien attaches at the commencement of his work, and the ninety days for notice commences on the date when *all* the work or things are furnished or performed. And in all is included the first as well as the last item. Of course, where the work is done under different contracts, or such space intervenes between the different items as to raise the presumption that the work had once ceased, and the contract was completed, a different rule would obtain. But the contract once shown, if the work is done, as in this instance, almost daily, the lien continues, as to the owner and subsequent incumbrancers, for ninety days from the date of the last item. Any other rule would render the lien of the mechanic next to, if not quite, a sham and delusion. Upon this subject, and the case generally, see *Cotes & Davis* v. *Shorey*, 8 Iowa, 416; *Monroe* v. *West*, 12 Id., 119; *Noel* v. *Temple*, Id., 276; *Merchand & Co.* v. *Cook*, 4 G. Gr., 115; *Bousall* v. *Taylor*, 5 Iowa, 546.

Affirmed.