Mornan v. Carroll.

---

### Mornan *et al.* v. Carroll *et al.*

1. Demurrer: MISJOINDER AND NON-JOINDER OF PARTIES. A "*defect of parties*," as used in section 2876 of the Revision, occurs where one who should have been joined, either as plaintiff or defendant, is omitted. But not where persons are joined who ought not to be. This is a misjoinder, and not a *defect* of parties, and hence, not demurrable under said section.

2. Mechanics' lien: DAY LABORERS. A day laborer on a railroad is entitled to a lien thereon for his wages.

*Appeal from Scott District Court.*

TUESDAY, SEPTEMBER 17.

THE petition was filed October 5, 1870, and states, in substance, that since January 1, 1870, the defendant,

Edward Carroll, took a sub-contract to do grading on sections 14, 15 and 16, of the Davenport and St. Paul Railroad, in Winfield township, in Scott county; that said railroad company is a corporation under the laws of this State, for the building of a railroad through said county to St. Paul; that said Carroll commenced said work in the spring of 1870, and from time to time, during the progress of said work, employed each of the plaintiffs to work on said sections; that plaintiffs each so worked for said Carroll, by the day, for day wages, from about the 1st day of January, 1870, to about the 24th day of July, 1870; that prior to the 23d day of September, 1870, there were due and owing, from said Carroll, to the plaintiffs, respectively, sums ranging from ten to ninety dollars each, and in the aggregate about $1,000; that such sums are due the plaintiffs respectively for work and labor performed by them on said sections for said Carroll at his request; that each of the plaintiffs, within ninety days from the time their respective claims became due, filed his claim in usual form as a mechanics' lien under the statute, on said sections, with the clerk of the district court of Scott county.

It is also averred that there is due from the railroad company to Carroll for work on said sections the sum of $962.

Plaintiffs state that they unite in the action "because their liens are numerous and they desire to save expense in establishing them. It is further averred that said Carroll has made an assignment to defendant Gallagher, and they pray that their respective liens be established," etc.

To this petition defendant Carroll demurred on the alleged ground, "that the petition shows a defect of parties plaintiff in that each plaintiff's cause of action is several and distinct, and can only be prosecuted separately."

Subsequently, and before a decision of Carroll's demurrer, all of the defendants joined in a demurrer to the

petition on the ground that it does not show any contract on part of the plaintiffs to perform any *certain* or *specific* labor on said railroad ; but does show that they performed the labor by the day, and trusted alone to the credit of Carroll for their pay, and are not, therefore, entitled to a mechanics' lien on the road.

Both demurrers were overruled and defendants excepted and stood on their demurrers. Whereupon, after due proof, judgment was rendered as prayed in the petition. Defendants appeal.

*Brown, Campbell & Sulley, Martin & Murphy* and *John Gallagher* for the appellants.

*Grant & Smith* for the appellees.

MILLER, J. — I. The objection made by the demurrer of Carroll is, that the plaintiffs join in the action, while

1. DEMURRER: misjoinder and nonjoinder of parties.

their interests are several and not joint. This is not a *defect* of parties, but, if an objection at all, it is a misjoinder of parties, which consists in joining as plaintiffs persons who have not a joint interest in the subject of the action. A *defect* of parties occurs where there is an omission of some one of the persons who ought to have been made a plaintiff or defendant along with others. At common law this was called a non-joinder. Where one who should have been joined, either as plaintiff or defendant, is omitted, a *defect* of parties occurs. But not so where persons are joined who ought not to be. This is a misjoinder.

A petition may be assailed, by demurrer, for a *defect* of parties, but not for a misjoinder. *Beckwith* v. *Dargets,* 18 Iowa, 303, and cases cited in opinion of WRIGHT, J. Section 2876 of the Revision of 1860 specifies " *defect* of parties," as a ground of demurrer, but omits misjoinder. While at common law a misjoinder, as well as non-joinder, of parties could be objected to by demurrer, it cannot

under our system, which does not permit a demurrer for any cause that does not come under some of the specifications provided in section 2876 of the Revision. *School Dist.-Tp. of Sioux City* v. *Pratt*, 17 Iowa, 16; *Byers* v. *Rodabaugh*, id. 53, and cases cited.

II. The question presented by the joint demurrer of defendants is, whether, under the statutes relating to 2. MECHANICS' mechanics' liens, *a laborer on a railroad* LIEN: day laborer. *for day's wages* is entitled to a lien on the road therefor.

The statute (sec. 1846, Revision of 1860) provides: "That every mechanic, builder, artisan, workman, *laborer* or other person, who shall do or perform any work or labor upon, or furnish any materials, machinery or fixtures for any building, erection or other improvement upon land, including contractors, sub-contractors, material furnishers, mechanics *and laborers* engaged in the construction of any railroad or other work of internal improvement, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or sub-contractor, upon complying with the provisions of this act, shall have for his *work or labor done*, or materials, machinery or fixtures furnished, a lien upon such building, erection, or improvement, and upon the land belonging to such owner or proprietor on which the same is situated, to secure the payment of such work or labor done, or materials, machinery or fixtures furnished."

It will be observed that the statute specifically includes *laborers* with the other classes of workmen and material furnishers named therein, as entitled to a lien for work and labor done. Each class named is placed upon exactly the same footing, in respect to this right to a lien, when they occupy the relations prescribed in the statute. The laborer, equally with the mechanic, must perform work, or labor under or by virtue of a contract; but the contract

need not be in writing, nor is it necessary that it be proved by direct and positive testimony. *Cotes & Davies* **v.** *Shorey*, 8 Iowa, 416. In the case of materials furnished it is sufficient if it appears that it was agreed by the parties that they were furnished for building purposes, although there was no contract that they were furnished for any *particular* building. Id. Neither is it necessary that there should be a contract to perform any specific amount of labor any more than to furnish a specific amount of materials or machinery. In *Jones* v. *Swan & Co.*, 21 Iowa, 181, it was held that to entitle a mechanic or builder to a lien it was not necessary that every item furnished should be contemplated and specifically named at the time of making the contract; but that if they were furnished under a contract it made no difference that the items were charged from time to time in the books of the builder or mechanic, and it was also held in that case not to be necessary that it should be expressly understood that the artisan was to have a lien for his work or materials. In this case plaintiffs performed labor upon the improvement upon which the lien is sought to be established under and by virtue of a contract to work thereon for day wages. Their contracts come within the meaning of the terms, "Any contract" embraced in the statute.

Again, it is not essential that the contract under which labor is performed or material furnished should be made with the owner of the ground, or building or other improvement, or with his agent or trustee. The right to a lien, by the express language of the statute, extends to persons performing labor or furnishing materials, in pursuance of a contract with one who is a *contractor* or *subcontractor*, though he have no interest in the land or building or other improvement. In this case the plaintiffs performed labor in the construction of the railroad by

virtue of their contracts with the sub-contractor, and are clearly within the express terms of the statute.

The cases cited by appellants' counsel are inapplicable, because, so far as we have been able to examine, they were made under statutes essentially different from ours, which must clearly entitle the plaintiffs to liens for their labor, by complying with its provisions.

III., Appellants' counsel make the point, in argument, that "plaintiffs are not entitled to a lien, in that they did not give notice to the owner or proprietor, or his agent or trustee before or at the time they performed the work upon the road."

This objection was not made a ground of demurrer, and we cannot, therefore, consider it.

The judgment of the district court is

Affirmed.