Boynton, J.
The demurrer to the second defense in the answer was properly overruled. The facts therein stated, .as we understand them, are, in substance, that- at the time the subscription and guaranty were delivered to the trustees of the college, and by them accepted, it was understood and agreed between the parties, by a contract resting in parol, that Neil was not to become liable on the guaranty, until an effort to collect the sum subscribed from the subscriber, Rudisill, by legal process, had been made and failed.
The manifest purpose, as well as the direct tendency of proof supporting the averment made, was to contradict the written instrument sued on, and to destroy its legal effect, by showing the guaranty to be one for collection, rather than the payment, of the sum subscribed. To have received •such evidence would have violated the familiar rule that ■excludes all oral testimony offered to vary or control the written stipulations of the parties. Thurston v. Hays, 6 *20 Ohio St. 1; Morris v. Faurot, 21 Ohio St. 159; Davis v. Randall, 115 Mass. 547; 15 Am. R. 146; Forsythe v. Kimball, 91 U. S. 291.
We are also of the opinion that there was no error in the order overruling the demurrer to the petition. Two-of the grounds therein assigned arc easily disposed of—namely, that there is a defect of parties defendant, and that several causes of action are improperly joined. As to-the first of these, there is nothing on the face of the petition showing other parties defendant to be necessary or wanting. The argument of plaintiff’s counsel upon the point, proceeds upon the mistaken notion, that where there is a misjoinder of parties, there is necessarily a defect of parties. Such is not the case. That this ground of error applies, or is available, only in the case of nonjoinder of necessary parties, is settled by an undivided current of authority. Powers v. Bumcratz, 12 Ohio St. 278; Palmer v. Davis, 28 N. Y. 245; Berkshire v. Shultz, 25 Ind. 523; Mornan v. Carroll, 35 Iowa, 22; Truesdale v. Rhodes, 26 Wis. 215, 220; Pomeroy on Rem., sec. 287.
As to the second ground, there is but one cause of action stated in the petition against the plaintiff in error and it was clearly proper to unite Rudisill, the subscriber to the college fund, with Neil, the guarantor, if the subscription and guaranty created either a joint obligation, or a-, several liability, provided such several liability arose upon the same obligation or instrument. That the liability thus arose will be seen hereafter. Whether the objection, that sev'eral causes of action are improperly united, can be taken, by demurrer, where the causes of action stated are not against the same, but are against different defendants, we-need not determine. Pomeroy on Remedies and Remedial Rights, §§ 290, 446, 447, et seq.; Powers v. Bumcratz, 12 Ohio St., supra.
The two remaining grounds of demurrer require a more extended notice. It is claimed by the plaintiff, that the board of trustees of the college has not legal capacity to-sue,-and, therefore, that the judgment was improperly reu *21 ■dered in its favor. It is not, however, denied that the .fourth section of the act establishing the college (67 Ohio L. 20), expressly confers upon the board, the “ right of ¡suing and being sued, of contracting and being contracted -with;” hut it is contended that such act, “ in so far as it attempts to constitute the defendant in error the board of trustees of said college, and clothe it with the power therein mentioned,” is in conflict with the first section of the thirteenth article of the constitution, which declares that the •“ General Assembly shall pass no special act conferring corporate powers;” the claim being that the board is, to all intents and purposes, created a corporation and clothed with corporate functions and privileges. 'We are not able to yield our assent to this construction of the statute. The act is entitled “ an act to establish and maintain an AgrR -cultural and Mechanical College in Ohio.” It creates a board of trustees to be appointed by the Governor, by and with the advice and consent of the senate, and commits to .such board the government, control and general management of the affairs of the institution; and while the statute authorizes the board to make contracts for the benefit of the college, and to maintain actions, if necessary, to em force them, and to exercise other powers similar to those-■conferred on bodies corporate, it does not assume to, nor does it in fact, create or constitute such board of trustees a ■corporation; and hence does not clothe it with corporate functions or powers. The State ex rel. The Attorney General v. Davis, 23 Ohio St. 434. The college is a state institution, designed and well calculated to promote public educational interests, established for the people of the whole-state, to be managed and controlled by such agencies as the legislature in its wisdom may provide. Similar powers, but perhaps less extensive, because less required, are conferred on the trustees of the various hospitals for the insane (73 Ohio L. 80), and on the board of managers of the Ohio .Soldiers’ and Sailors’ Orphans’ Homes (67 Ohio L. 53), and other institutions of the state. The powers thus conferred-.are essentially necessary to accomplish the objects for *22 which these institutions were established. The power to-establish them is found clearly granted in the seventh article of the constitution.
The remaining objection taken to the petition is, that it does not state facts sufficient to constitute a cause of action against the plaintiff in error, because, first, the action being 'joint against him and Rudisil, a joint liability is necessary to sustain it, and no such liability being alleged, the action can not be maintained; and secondly, that he being a guarantor only, no liability arises without demand and notice,, or until failure to collect the debt from the principal prom-i'ssor, upon the employment of due diligence for that purpose. The point last made is settled against the plaintiff’ in Clay v. Edgerton, 19 Ohio St. 549. It is there held, that1 “a guaranty of the payment of a debt is absolute and unconditional, and that no averment in the petition of demand and notice is requisite to make a prima facie case for recovery upon it.” In such case, a breach of the agreement of the guarantor results from the non-payment of the debt.
■ Upon the other point, as was said in Kautzman v. Weirick, 26 Ohio St. 332, at common law a joint action could only be brought to enforce a joint liability. But such is not the rule of the Code. Section 38 provides, that “ persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may, all or any. of them, be included in the same-action at the option of the plaintiff’.”
The petition substantially shows, that the subscription and guaranty thereto anuexed, were delivered and accepted as one instrument, at the same time and place, upon the same-consideration, and for the same purpose. Erom these allegations, considered in connection with the instrument itself, we think it sufficiently appears that the liability of the sub. scriber and guarantor arises upon the same instrument. It-will be observed that this provision includes parties to bills of exchange and promissory notes; and if an indorser of a bill or note, who can only be charged after demand and no *23 tice of non-payment, may properly be united or joined in an action against the acceptor or maker, there can be little-doubt, that the joinder in the present action was clearly within the above provision of the code, if the liability of the parties joined was several. If their liability was joint-,, they of course were properly united. It is, therefore, immaterial to inquire, whether the contract of subscription- and the guaranty, are, for all purposes of the remedy, to boconsidered as joint within the doctrine of Stage v. Olds, 12 Ohio, 158; Leonard v. Sweetzer, 16 Ohio, 1, and Gale v. Van Arman, 18 Ohio, 336; or -whether all of these cases rest upon a satisfactory foundation. A joint action may properly be brought, where the liability is joint, or is joint and several, or is several, if the several liability is on the same obligation or instrument.

Leave refused.