## THE IOWA MORTGAGE CO. v. SHANQUEST ET AL.

1. **Mechanic's Lien:** MORTGAGE: PRIORITY. Where all the lumber for
a building was furnished under one contract, and a statement for a
mechanic's lien was filed within ninety days from the furnishing of the
last item, *held* that a lien accrued which bound the property from the
date of the last item, and that a mortgage upon the property made after
that date was inferior to the mechanic's lien, though filed before the
statement for the lien.

*Appeal from Audubon District Court.*

FRIDAY, OCTOBER 29.

ACTION to foreclose a mortgage. The Green Bay Lumber
Company was made defendant, as claiming a lien upon the
land. The company appeared and filed a cross-petition, set-
ting up that the mortgagor, Shanquest, purchased of it, by
contract made in June, 1883, lumber for the erection of a
frame barn, etc., on the premises in question, and that the
lumber was furnished under the contract at different dates
from June 29, 1883, to August 16, 1884, and that a state-
ment for a mechanic's lien was filed October 28, 1884, which
was within ninety days from the furnishing of the last item
of lumber. The company prayed that its lien be established,
and be decreed to be paramount to the plaintiff's mortgage
filed for record November 27, 1883. The plaintiff demurred
to the cross-petition of the lumber company in these words:
" (1) The facts stated in the cross-petition do not entitle

said defendant to the relief demanded. (2) The said cross-petition shows upon its face that the same is founded upon, and seeks priority over, the plaintiff's mortgage, by reason of a claim for a mechanic's lien, and that no statement thereof and affidavit, as provided by law, has been filed within the prescribed time. (3) The said cross-petition shows that priority, as claimed, over plaintiff's mortgage, by reason of a mechanic's lien set out therein, and that the statement thereof was filed too late to entitle the defendant to the relief demanded." The court sustained the demurrer, and, the lumber company electing to stand upon its cross petition, the court decreed the plaintiff's mortgage to be paramount to the lien of the lumber company. From the decree the lumber company appeals.

*Berryhill & Henry* and *A. T. Bennett,* for appellant.

No appearance for appellee.

ADAMS, CH. J.—The statement being filed within ninety days from the furnishing of the last item, and the whole being furnished under one contract, a lien accrued which bound the property, as against the plaintiff, for all the lumber furnished under the contract, and from the furnishing of the first item, which was before the plaintiff's mortgage attached.

The demurrer assails the sufficiency of the affidavit made to the statement for a lien, but no specific objection is pointed out, and we conclude that there is none. We see no ground upon which the priority of the mechanic's lien over the mortgage can properly be denied. We think that the court erred.

REVERSED.