GEORGE E. NEWELL *vs.* THE CAMPBELL MACHINE COMPANY.

Pub. Stat. R. I. cap. 177, as amended by Pub. Laws R. I. cap. 696, of March 21, 1888, gives a lien for materials used in construction, erection, or reparation which have been furnished by any person. Cap. 696, § 4, provides that no lien shall attach unless notice in writing be given and recorded by the material-man within sixty days after the materials are placed upon the land.

Materials were furnished to a contractor under an entire contract.

*Held*, That the material-man was entitled to a lien only for materials placed upon the land within sixty days prior to the giving of notice to the land-owner.

PETITION for the enforcement of mechanic's lien. On exceptions to the master's report.

*June* 27, 1890. DURFEE, C. J. This is a petition, under Pub. Stat. R. I. cap. 177, as amended by Pub. Laws R. I. cap. 696, of March 21, 1888, for the enforcement of a lien on a lot of land in the city of Pawtucket belonging to the defendant company, for materials furnished by the petitioner to be used and which were used in the erection of a building thereon. The materials were furnished to Messrs. Hoflin & Co., contractors with defendant for the erection of said building, at different times between August 18, A. D. 1888, and January 7, A. D. 1889, inclusive. The claim of the petitioner is for a balance of $3,624. He gave the defendant written notice of his intention to claim the lien January 18, A. D. 1889, and the same day placed a copy thereof on record. Proceedings to enforce the lien were commenced by the petitioner by lodging his account in the office of the city clerk of the city of Pawtucket, February 13, A. D. 1889. The petition was filed in this court March 12, A. D. 1889, and was referred to a master to report thereon. The case is before us on exceptions to the master's report.

The petitioner's right to a lien is conceded ; the question is, for how much ; the petitioner claiming for all the materials supplied, the defendant contending that he is entitled only for those placed on the land within sixty days prior to his notice. The question arises under said cap. 696, § 4, which provides that "no lien shall attach for materials furnished unless the person furnishing the same shall, within sixty days after such materials are placed upon the land, give notice in writing to the owners of the property to be affected by the lien, if the owner be not the purchaser of the materials, that he intends to claim such lien, and shall within the aforesaid sixty days place a copy of said notice on record," etc. We decided in *Gurney* v. *Walsham*, 16 R. I. 698, that the lien did not extend to materials furnished prior to the sixty days, but in that case the materials were furnished from time to time as called for ; and it is contended that this case is distinguishable from that because in this the materials were furnished from beginning to end under an entire contract. It is not clear to us from the master's report that the contract was entire ; but, if it was, does it follow that the petitioner is entitled to a lien for all the materials furnished under it ? The petitioner's argument is that, the contract being entire, the materials are not furnished until all the materials

contracted for are furnished. It seems to us that this logic is rather artificial, and that, however it might be regarded if the defendant were a party to the contract, inasmuch as he is a stranger to it, it should not prevail against him over the more obvious construction except for very strong reasons. We see nothing in the wording of the provision to indicate that it was intended that the lien should attach any differently if the contract were entire than it would if the contract were several or discontinuous. It is urged that the statute is remedial and should be liberally construed. The statute is more than remedial; it creates a new right or liability as well as a new remedy, and, being in derogation of the common law, should be strictly rather than liberally construed.

It is argued that the broader construction should be given, because otherwise the material-man will have no lien for materials furnished more than sixty days before the notice. The argument rests on the assumption that the material-man ought to have a lien for such materials. This is not clear. The land-owner is entitled to some consideration; and the General Assembly may have thought that, with a lien for all materials delivered within the sixty days, the material-man could contrive for the rest to look out for himself by giving less than sixty days' credit, and stopping the deliveries if payments were not duly made. It cannot be supposed that the General Assembly assumed that the material-man would be without capacity to care for himself. Evidently, too, the purpose of the notice was to put the landowner on his guard in making his settlements with the contractor; but the notice would be a very imperfect safeguard for that purpose if under it the material-man could charge the estate for all the materials furnished in six months anterior thereto. The land-owner cannot know, unless told, whether the materials are furnished to the contractor from time to time, as called for, or under a single continuing contract.

The petitioner claims that the broader construction has the support of authority, citing 2 Jones on Liens, § 1443, which lays down in general terms that, when the notice of lien is filed within the limited time, the lien extends back to the commencement of the furnishing under the contract, the contract under which all the items are furnished being treated as entire. The only cases cited are *Jones* v. *Swan*, 21 Iowa, 181, and *Iowa Mortgage Co.* v. *Shan-*

*quest,* 70 Iowa, 124, and of course the section has only the authority of these cases.  Now, in the first place, in both these cases the materials were furnished, not to the contractor, but directly to the land-owner.  In the second place the Iowa statute differs widely from ours.  See Revision of 1860, cap. 79, § 1851.  Said section makes it the duty of such a furnisher " to file with the clerk of the district court," etc., " within ninety days after *all* the things aforesaid," *i. e.* all the materials, " shall have been furnished, . . . a just and true account of the demand due or owing to him," evidently as notice, not to the land-owner, who being party to the contract does not need it, but to the general public.  The lien is given in section 1846 for *all* such materials.  Other sections prescribe the mode of procedure in case the materials are furnished, not directly to the land-owner, but to the contractor, and require that notice of the furnisher's intention to claim the lien shall be given before the materials are furnished, and not, as our statute requires, afterwards.  See said cap. 79, §§ 1847–1849.  Manifestly the statute differs so much from ours that the cases decided under it can have no value as authority for the construction to be given to ours.

Our conclusion is, that the petitioner is entitled to a lien only for such of the materials as were placed upon the ground within sixty days before the notice.  It is admitted that the amount due therefor can be readily ascertained.

*George G. West*, for petitioner.

*Nathan W. Littlefield*, for respondent.