————o————

No. 4663.

Court of Appeal, Parish of Orleans.

COLONIAL SUGAR COMPANY VS. YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

In actions for injury to stock under Act No. 70 of 1886, the burden of proving freedom from negligence or indifference is upon the defendant railroad company; and, unless there is a clear preponderance of evidence to show absence of fault in the defendant, the plaintiff is entitled to recover.

Appeal from Civil District Court, Division "B."

Hall & Monroe, M. M. Lemann, for Plaintiff and Appellee.

Lemle & Saal, for Defendant and Appellant.

MOORE, J. This was a suit for the value of a mule killed

by the defendant railway company at plaintiff's private crossing on Mount Houmas Plantation, near Geismar, La., in the summer of 1906.

The answer avers that the killing was caused by the negligence of plaintiff, its servants, etc., by allowing the mule to come on to respondent's railroad track so close to an approaching train as to render it an impossibility to stop said train in time to prevent striking the said mule," and was not caused by the fault, negligence or want of care of respondent, its agents, etc.

There was judgment for plaintiff for the amount sued for, $250.00, and defendant appeals.

Under the provisions of Act No. 70 of 1886, railroad companies are obliged to pay for all stock injured or killed by them, unless they can establish that the injury or killing was not the result of fault or carelessness on their part, or negligence or want of skill in the running or management of their cars, and this, under the jurisprudence, they must establish by a clear preponderance of evidence, otherwise the plaintiff is entitled to recover.

How has the defendant supported that burden? It is shown that at the point where the accident occurred the track is quite straight for a distance of about five miles and is crossed by plaintiff's plantation road, going towards the river, at right angle from the railroad track. South of this road and between the river and the railroad track was plaintiff's pasture in which were confined some forty or fifty head of mules. Some time during the morning of the day when the accident occurred the mules broke out of the pasture and ran down the road towards and over the track, all escaping in safety the approaching train except the particular mule sued for. This particular mule, it appears, did not attempt to cross the track with the other mules which had crossed over some short while before it made the effort to cross, but it was, however, gradually approaching the track "biting grass" as one of the witnesses expressed it, on the side of the track, and as it finally reached the track it was struck by the train. It appears that defendant's fireman had seen the lot of mules at and about the track at this point and as his train approached, although he says that he did not see this particular mule at this time, which was about two minutes before the accident. He says that when he saw the mules he

took it for granted that they all would remain on the side of the track on which they were then, and that he stooped down to fire the boiler. When he looked up again a mule—the mule in question—was on the track about to cross the track, but so near that just as he exclaimed to the engineer, "Look out," the mule was struck. Although the fireman saw the lot of mules at or near the track, he gave no information thereof to the engineer whose position prevented him from seeing the mules; he gave no signal, he made no attempt to check the speed of the train which was going at a speed of forty miles an hour, but on the contrary stooped down in the cab, shutting out his view of the mules and trusting to the mules themselves not getting in the way. This was sheer negligence on his part for which his employer must pay the penalty. State vs. Foster, 1C6 La. 425; Mire vs. R. R., 105 La. 462; Lapine vs. R. R. Co., 20 A. 158.

"Where," said the Court in Bert vs. G. N. R. R. Co., 103 N. W. 709, "a locomotive engineer saw horses on the track a quarter of a mile before the locomotive struck them, it was negligence not to have stopped or attempted to have stopped the train."

There is no error in the judgment and it is affirmed.