## REED *et al.* v. HOWE *et al.*

1. **Practice; PLEADING.** Section 2934 of the Revision is applicable only where the plaintiff has stated one cause of action in various counts, and it is sought to compel him by motion to elect upon which one he will proceed, and does not authorize a motion to require the plaintiff to elect upon which cause of action he will rely when more than one are contained in the petition.

2. —— JOINDER OF CAUSES. Under section 2844 of the Revision, several causes of action may be joined in the same petition when each may be prosecuted by the same kind of proceedings.

*Appeal from Black Hawk District Court.*

SATURDAY, OCTOBER 23.

ACTION by Hiram Reed and others, heirs at law of Prescott H. Reed, deceased, against the defendant Clifton K. Howe, as administrator of the estate of said P. H. Reed, deceased, to compel an accounting by him as such administrator; to set aside an alleged fraudulent settlement made by him as such administrator with the county judge; to set aside certain conveyances of real property to him personally, and quiet the title in plaintiffs, on the ground that the same was purchased with the funds of the estate; and also to set aside an order made by the County Court for the sale of a large quantity of real estate belonging to the estate of said P. H. Reed, deceased,

Reed v. Howe.

because the order was irregularly and fraudulently obtained; and also to set aside the sales and conveyances made by said administrator under said order, etc., etc. Orin E. Hardy and Myron Smith were made defendants, as being sureties of said Clifton K. Howe on his administrator's bond; and the purchasers of the real estate at the sale under the order of the County Court were made defendants, and charged with knowledge of the irregularities and fraud.

The defendants Hardy and Smith appeared, and moved the court for an order directing the plaintiffs to elect upon which cause of action set forth in their petition they will rely, to wit: the cause alleging the fraudulent and unlawful sales of the real estate, or the cause against the administrator and his sureties on the bond. This motion the District Court overruled. The defendants Hardy and Smith, having duly excepted, appealed therefrom to the General Term. The General Term ordered, "that the cause be remanded to the District Court, which is hereby directed to modify the order entered in the cause overruling the appellants' motion, so as to require the plaintiffs to proceed against the appellants, without uniting with them as defendants the alleged purchasers of the land from the administrator; and that, as to the said purchases, the action should be dismissed." The plaintiffs were adjudged to pay the costs of the General Term. The plaintiffs appeal to this court.

*George Ordway* for the appellants.

*Bois, Allen & Couch* for the appellees.

COLE, J.—The order of the General Term must be reversed. The provisions of the Code, authorizing a 1. PRACTICE: motion to require the plaintiff to elect upon pleading. which count in his petition he will proceed, is applicable when he has stated one cause of action in vari-

ous divisions or counts. This fact being made to appear by affidavit, the court will require him to strike out all the counts but one, or, failing to prove as many causes as he has counts, will require him to pay all the costs of the whole trial. Rev. § 2934. But this is not applicable to this case.

It is, however, further provided (Rev. § 2846): " The court, at any time before the defense, shall, on motion of the defendant, strike out of the petition any cause or causes of action improperly joined with others." The Kentucky Code contains the same provision, and it has there been held that misjoinder of actions is no cause of demurrer ; that a motion to strike out is the proper remedy. But the defendant's motion in this case was not to strike out, but for an order directing the plaintiffs to elect upon which cause of action they would rely. This was the motion the District Court acted upon, and overruled ; and the correctness of that action was the only question before the General Term. It was not competent for that court to entertain and act upon a different motion, or to give the relief defendants might have been entitled to, if any, under a different motion.

But let us examine the matter still further, and see if these defendants were entitled to any relief as connected with the joinder of causes of action. Upon this subject it is provided (Rev. § 2844): " Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, provided that they be by the same party, and against the same party in the same rights, and if suit on all as to venue may be brought in that county, may be joined in the same petition ; but the court, to prevent confusion therein, may direct all or any portion of the issues joined therein to be tried separately, and may determine the order thereof."

2. —— join ler of causes.

The cause of action stated in the plaintiff's petition against Clifton K. Howe as administrator, to compel an accounting, to set aside a fraudulent settlement, to reach the funds of the estate invested in real property, is certainly a cause of action which may be prosecuted by equitable proceedings; and as to the cause of action to set aside the order of the County Court for the sale of the real estate, and the fraudulent sale thereunder, there can be no doubt that it may also be prosecuted by the same kind of equitable proceedings.

Since the two causes of action may be prosecuted by the same kind of proceedings, there was no improper joinder. The judgment of the District Court was therefore correct, and the order of the General Term must be

Reversed.