## STEVENS v. CHANCE.

1. **Action**: MISJOINDER OF CAUSES. In an action by a creditor a money demand arising upon a contract cannot be joined with a prayer to set aside a conveyance of real estate on the ground of fraud, and subject it to plaintiff's claim against the grantor.

*Appeal from Hardin Circuit Court.*

TUESDAY, MARCH 19.

THE petition contains several causes of action against the defendant, Wm. Chance. They are money demands arising upon contracts, and judgment is prayed thereon.

It is further averred that in 1875 said Wm. Chance was the owner of certain real estate situated in Hardin county, that he was then largely indebted to the plaintiff and others, and that he fraudulently, and without consideration, and with intent to put the same beyond the reach of his creditors, conveyed said real estate to the defendant, Joshua Chance, who is his son and a minor; that said Wm. Chance is wholly insolvent, and

is now offering said land for sale, and endeavoring to have the same conveyed by his son, and unless prevented by attachment the same will be sold and conveyed, and put beyond the reach of the plaintiff, and defeat him in the recovery of the sum due him.

It is prayed that a writ of attachment issue against the property and effects, lands and tenements, of said Wm. Chance.

Wm. Chance and Joshua Chance are made parties defendant, and it is prayed that said deed may be set aside, and the title to the land decreed to be in William Chance, and that plaintiff have a special lien on the same for said debt, interest and costs, from the date of the attachment thereof, and an order for the sale thereof.

Service of the original notice was made upon the defendants in Washington county, that being the place of their residence. A writ of attachment was issued and levied upon the land.

The defendant, Wm. Chance, appeared in said action and moved the court to strike from the petition of the plaintiff all that portion thereof which seeks to set aside the conveyance made by him to said Joshua Chance, because there was an improper joinder of the causes of action.

The motion was sustained by the court, to which ruling plaintiff excepted. The defendant, Wm. Chance, then filed his motion for a change of venue to the Circuit Court of Washington county. The motion was supported by affidavits showing that said defendant was a resident of said county. This motion was sustained and proper exceptions taken to the ruling. Plaintiff appeals.

*Huff & Reed*, for appellant.

*McJunkin, Henderson & Jones*, for appellee.

ROTHROCK, CH. J.—I. Section 2630 of the Code provides: "Causes of action of whatever kind, where each may be prose-

1. ACTION: misjoinder of causes.

cuted by the same kind of proceedings, provided they be by the same party, and against the same party in the same rights, and if suit on all may be brought

and tried in that county, may be joined in the same petition." * * * * * .

Section 2632 provides: "The court, at any time before the defense, shall on motion of the defendant strike out of the petition any cause or causes of action improperly joined with others."

It cannot be denied that the petition contains causes of action which cannot be prosecuted by the same kind of proceedings. The action for a judgment is against Wm. Chance alone. It is purely a law action, to be tried by a jury in the ordinary manner, unless a jury be waived.

The relief sought against William Chance and Joshua Chance is purely of an equitable character, in the nature of a creditor's bill, and upon claims not reduced to judgment. The causes of action against William Chance he is entitled to have tried in the county of his residence. The action for judgment on the claims against him is purely personal. The venue of the equitable proceeding is properly in the county where the land lies.

From these considerations it is evident that these actions cannot be joined in the same petition. They cannot be prosecuted by the same kind of proceedings; and the suit on all cannot, as a matter of right, be tried in the same county.

Whether plaintiff has any remedy to prevent Joshua Chance from conveying the land to an innocent purchaser, before judgment can be obtained against William Chance, is not a question presented for our determination. It may be that, in a proper proceeding, he could be enjoined until the determination of the action at law.

II. The equitable cause of action having been stricken from the petition, nothing remained but a purely personal action against William Chance. The court very properly sustained the motion for a change of venue to Washington county.

AFFIRMED.