JAMES C. DEVIN v. CHARLES WALSH, Appellant.

**Joinder on Causes.** A cause of action for value of coal taken from 1-3 land may be joined with one for damages to the land.

ACTION ON CONTRACT. Where an owner of land sues to recover for coal taken therefrom by another and for damages, thereto, and 2 the jury find separately the value of the coal and the amount of damages, the judgment, to the extent of the former, is on contract and not on tort.

*Appeal from Wapello District Court.*—HON. M. A. ROBERTS, Judge.

· WEDNESDAY, MAY 17, 1899.

ACTION at law to recover on a judgment against the Hawkeye Coal Mining Company, it being alleged that the defendant is a stockholder in said company, and that his shares are not fully paid. There was a demurrer to the answer, which was sustained. Defendant electing to stand upon his answer, judgment was rendered against him. He appeals.—*Affirmed.*

*Mitchell & Hunter* for appellant.

*W. S. Coen* for appellee.

WATERMAN, J.—The amount involved being less than one hundred dollars, the appeal was duly certified, as provided in section 4110 of the Code. The answer of defendant sets up the claim that the judgment against the corporation was founded not upon a debt, but upon a tort. Copies of the pleadings, instructions, and verdict in the action against the corporation are attached as exhibits to the answer. The question discussed by appellant, and which he insists is the only

one involved, is whether a stockholder can be made liable, under section 1632 of the Code, on a judgment rendered against the corporation for a tort, pure and simple. We do not agree with counsel that this question is presented. A statement of our reasons for this conclusion will necessarily involve an examination of the issues in the action which resulted in the judgment against the corporation.

The petition, as first filed, claimed that the Hawkeye Coal Mining Company had taken forcible possession of the coal underneath the surface of plaintiff's land; that it had opened mines to his damage, and had mined and carried away a large amount of coal; and that these acts were done intentionally, wantonly, and against plaintiff's will. He prayed judgment for rent and royalty, for injuries to the land, and for exemplary damages. By an amendment, plaintiff claimed, further, for coal taken both before and after the date of filing the original petition, at the price of one and three-fourths cents per bushel at the mouth of the pit, and he also asked a large sum on account of "wanton aggression." There were several other amendments to the petition, which, with a single exception, we need not notice. Plaintiff finally withdrew his claim for exemplary damages, but expressly retained that for coal taken and for injuries to the real estate. Under appropriate instructions, the case was sent to the jury, which returned a verdict in plaintiff's favor for one thousand two hundred and thirty-five dollars and thirty-five cents; and, in response to two special interrogatories submitted, stated that they allowed him for coal taken the sum of one thousand and one dollars and thirty-five cents, and for damages to the realty two hundred and thirty-four dollars. Upon these findings the judgment was rendered. So far as the claim for coal taken is concerned, the action was upon an implied contract. In 2 Greenleaf Evidence, section 120, under the title "Assumpsit," it is said: "And where the defendant has tortiously taken plaintiff's property, and sold it, or, lawfully

possessed of it, has wrongfully sold it, the owner may ordinarily waive the tort, and recover the proceeds under this count." This principle is recognized in *Warner v. Cammack,* 37 Iowa, 642, where the following language is used: "Wherever a party has derived a pecuniary advantage from a wrong done by him, and it is competent for the person suing thereon to waive the tort and maintain his action upon the promise implied by law, there the obligation to pay is a debt; and this, regardless of the form of action in which the obligation is sought to be enforced." The illegal entry upon the real estate, and the breaking down of the coal from the walls of the mine, was a tort, for which a recovery could not be had in assumpsit; but the taking away of the coal thereafter was a conversion of personal property, for which an action *ex contractu* would lie. It was proper, under our practice, for plaintiff to join in one action his claims on tort and contract. *Turner v. Bank,* 26 Iowa, 562. To the extent of the value of the coal taken, plaintiff's judgment against the corporation is founded upon contract. The judgment of the district court must be AFFIRMED.