SAMUEL E. WATERS, Appellant, v. CITY OF SIOUX CITY et al., Appellees.

**ACTIONS:** Joinder—Contract and Tort. A cause of action may not be jointly maintained against two defendants when as to one defendant the action is *ex contractu* and as to the other defendant, *ex delicto.*

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 14, 1922.

JOINT action against a municipal corporation and a private corporation, to recover damages for failure on the part of said corporations to properly light the public streets of the city where the plaintiff was employed as policeman. The appellant

claims that he suffered damages by reason of being shot by a robber whom he was seeking to arrest in the night, upon one of the streets of said city, and that, because of the darkness, he was unable to discover a gun in the hand of said robber. A motion to require the plaintiff to separate his causes of action and maintain the same separately was sustained. The plaintiff appeals.—*Affirmed.*

*C. R. Metcalfe,* for appellant.

*Griffin, Griffin & Griffin, Kephart & Tomlinson,* and *Jepson & Struble,* for appellees.

FAVILLE, J.—Appellant's petition is in four divisions, with an amendment thereto. Condensing the allegations of said petition, it appears therefrom that appellant alleges that he was a policeman, employed by the city of Sioux City. He alleges that the said municipality granted to the appellee, which is a corporation, a franchise to use the streets and alleys of the said city for the construction of electric light wires, poles, and other necessary apparatus for furnishing light to said city and the inhabitants thereof. He further alleges that the said city entered into a written contract with the appellee for the lighting of certain streets of said city. The said franchise and said written contract are made a part of appellant's petition. Appellant alleges that, while employed as a policeman by the said city, and in the discharge of his duties, he was attempting to arrest a robber in the early morning of February 10, 1918; that, at the said time, the streets of said city where the appellant was attempting to make said arrest were not properly lighted, in accordance with the contract between the defendant city and the appellee; and that, by reason of the darkness, he was unable to distinguish the said robber from other persons upon said streets of the city, and was unable to discover that the said robber was armed, and was unable to see an iron post near the sidewalk, which obstructed his travel. He alleges that, had said streets been properly lighted, he could have grabbed the said robber before the latter could have drawn his revolver or could have escaped, and appellant could have avoided being shot; and he alleges that, by reason of the darkness, he was un-

able so to do, and that the said robber shot appellant, inflicting upon him injuries, for which damages are sought.

The appellee Gas & Electric Company moved the court to require the appellant to separate his causes of action against the two defendants and to maintain separate actions against them, on the ground that the case brought against the appellee was for an alleged breach of its contract with the city of Sioux City, and the cause of action against its codefendant, the city, did not arise by reason of the breach of any contract, but was founded upon tort. The motion was sustained, and from said ruling the appellant prosecutes this appeal.

The argument has taken a somewhat wider range than the question presented for our determination requires. We are not called upon to, and do not, determine whether or not the city could be held liable to the appellant, either for a breach of contract or in tort; nor do we determine the question as to whether or not the appellee corporation could be held liable to the appellant for a breach of its contract with the city, requiring it to light the streets. The sole question for our determination is whether or not the court properly sustained the motion requiring the appellant to separate his causes of action, as pleaded against the two defendants, and maintain the same separately. Appellant's cause of action as pleaded against the municipality of Sioux City is founded on tort, the basis of this action against the city being that the latter owed appellant a duty as a citizen and a taxpayer, and also as an employee of said city, and that it was negligent in the performance of its said duty, and that said appellant suffered damages because of such negligence. Appellant's action as pleaded against the appellee corporation is based upon an alleged breach of the contract claimed to have been entered into between the municipality and the appellee corporation for the lighting of streets of said city, which contract the appellant insists inured to his benefit, as a citizen and taxpayer of said city. Code Section 3545 is as follows:

"Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition; but the court may direct all or any

portion of the issues joined to be tried separately, and may determine the order thereof."

Under our code of procedure, a plaintiff can properly join in the same action two separate causes of action against the same party, provided the causes of action may properly be prosecuted by the same proceeding,—as, for example, where both causes of action are at law, or both are in equity; but a plaintiff may not maintain in the same suit a cause of action against one defendant resting in tort, and a cause of action against another defendant growing out of alleged breach of contract or a separate and distinct tort. There is no allegation in the petition of any joint or mutual negligence on the part of the defendants. The petition is not based upon a claim of a joint tort. The petition pleads a case against the municipality for negligence in failing to properly light the streets of the city. It also pleads a cause of action against the appellee for breach of its contract with the defendant city, which contract, it is alleged, inures to the benefit of the appellant, as a citizen and taxpayer of said city. Under the provisions of our statute, such separate actions cannot be properly joined against two defendants. The appellant does not plead causes of action "by the same party, and against the same party, in the same rights." The appellee's motion to require the appellant to separate his causes of action and to plead separately against the two defendants was properly sustained.

The order of the trial court is—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.