W. R. APLIN, Appellee, v. JAMES R. SMITH et al., Appellees; INTERSTATE CASUALTY COMPANY, Appellant.

**ACTIONS: Joinder—Contract and Tort.** An action against a wrongdoer upon a tort, and an action against a surety company on its contract to indemnify the wrongdoer from loss because of such tort, may not be joined.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

MARCH 4, 1924.

ACTION to recover damages caused by the collision of a motor bus with plaintiff's Apperson automobile. The issues are fully stated in the opinion. The defendant Interstate Casualty Company appeals from an order overruling its motion to strike the names of the defendants James R. and Leonard Smith from the petition, on the ground of a misjoinder of parties.— *Reversed.*

*Dunshee & Brody* and *Isador Robinson,* for appellant.

*George Cosson, L. E. Francis, Tomlinson & Maley,* and *Thurlow T. Taft,* for appellee.

STEVENS, J.—This is an action to recover damages to plaintiff's automobile, and for permanent bodily injuries suffered by him as the result of a collision of a motor truck, owned and operated by the defendants James R. and Leonard Smith, or by someone in their employ, with his Apperson automobile, on Walker Street in the city of Des Moines. The Interstate Casualty Company was joined as a defendant. It is sought to hold this company liable for the damages suffered, upon a liability policy issued by it to the defendant James R. Smith. Appellant appeared and moved the court to dismiss the cause of action against the defendants James R. and Leonard Smith, and that they be stricken as codefendants, upon the principal ground that the allegations of the petition do not charge a joint liability. The court overruled the motion, and the Casualty Company appeals. The cause of action against James Smith, who was named as a defendant in the original notice, was abandoned by plaintiff in his petition.

The policy, copy of which is attached to plaintiff's petition, insures James R. Smith "against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, or death at any time resulting therefrom, accidentally suffered by any person or persons not employed by the assured, caused by or resulting from the maintenance or use of any automobile described and enumerated herein, * * *"

The contract limits the liability of the Casualty Company to $5,000 for each person injured, the total liability for any one accident not to exceed $10,000. By the terms of the policy, the insurer promises to "at its own cost, defend the suit in the name and on behalf of the assured, and pay any final judgment recovered against the assured in such suit, up to the limit of insurance herein expressed; but the company shall have entire charge and control of such defense." The only remaining material provision of the policy is the following:

"If an execution on a judgment against the assured in an action for damages on account of a casualty covered by this policy has been returned unsatisfied, the judgment creditor shall have a right of action against the company to the same extent that the assured would have if such judgment had been paid by the assured. Nothing in this section, however, shall be deemed

to in any way limit, restrict or abridge the company's defenses to any such action.''

Joinder of parties and causes of action in this state is regulated by statute, as follows:

''Sec. 3545. Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition; but the court may direct all or any portion of the issues joined to be tried separately, and may determine the order thereof.''

''Sec. 3465. Where two or more persons are bound by contract or by judgment, decree or statute, whether jointly only, or jointly and severally, or severally only, including the parties to negotiable paper, common orders and checks, and sureties on the same or separate instruments, or by any liability growing out of the same, the action thereon may, at the plaintiff's option, be brought against any or all of them. When any of those so bound are dead, the action may be brought against any or all of the survivors, with any or all of the representatives of the decedents, or against any or all such representatives. An action or judgment against any one or more of several persons jointly bound shall not be a bar to proceedings against the others.''

Construing and applying the above statutes, we have held that a cause of action arising from tort may be joined with one arising on contract, if they are between the same parties in the same right, and have the same venue (*Turner v. First Nat. Bank,* 26 Iowa 562; *Foster v. Hinson,* 76 Iowa 714; *Devin v. Walsh,* 108 Iowa 428; *Jenks v. Lansing Lbr. Co.,* 97 Iowa 342; *Waters v. City of Sioux City,* 193 Iowa 72); that a cause of action at law may not be joined with a cause of action in equity (*Stevens v. Chance,* 47 Iowa 602; *Reed v. Howe,* 28 Iowa 250); that, although the liability arises on separate instruments, both, under the express language of Section 3465, may be made parties (*Bennett Sav. Bank v. Smith,* 171 Iowa 405). An action against the owner and operator of a motor bus and an action on a policy by anyone entitled to maintain the same naturally would be prosecuted at law. So far, therefore, as the juris-

diction of the court is concerned, they would be prosecuted by the same kind of proceedings.

As already appears, the policy insured James R. Smith, owner of the bus, against loss or damages such as were suffered by the plaintiff; and it is the contention of counsel for plaintiff that the contract was made for his benefit, and that, under the statute and repeated decisions of this court, he is entitled to maintain an action against the Casualty Company thereon. Counsel also maintained that the action against the Casualty Company is in its nature an action in tort, and not strictly an action on contract. It is, of course, conceded that appellant did not commit the tort, but it is argued that it assumed liability therefor in the policy. Two prior decisions of this court are cited to sustain plaintiff's contention that the action against all of the defendants is based upon tort, and that all of the parties are properly joined as defendants. The cases referred to are *Knott v. Dubuque & S. C. R. Co.*, 84 Iowa 462, and *Woodworth v. Iowa Cent. R. Co.*, 170 Iowa 697. The plaintiff in *Knott v. Dubuque & S. C. R. Co.* was injured while in the performance of his duty as a locomotive fireman, as an employee of the Cherokee & Dakota Railway Company. The action was originally commenced against this company alone. Subsequently, the petition was amended, and the Dubuque & Sioux City Railway Company was joined as a defendant. The amendment to the petition alleged:

"That since the injuries of which the plaintiff complains, the Sioux City and Dubuque Railway Company have for a valuable consideration agreed in writing to pay, among others, the claim of the plaintiff against the said Cherokee & Dakota Railway Company, and all other claims of a like nature to this plaintiff for the injuries complained of in this action."

Both defendants answered, the Dubuque & Sioux City Railway Company setting up that its line of railway did not extend into Lyon County, where the action was commenced, and that it was neither the owner nor the lessee of the railroad at the time the cause of action arose, and had no connection or relation whatever with its codefendant. The contention was made in that case that the two railway companies were improperly joined as parties defendant, for the reason that the action

against the Cherokee & Dakota Railway Company was based upon tort, and the action against the appellant Dubuque & Sioux City Railway Company on contract. The evidence showed that appellant purchased the Cherokee & Dakota Railway after plaintiff's cause of action arose, and, as a part of the consideration therefor, had assumed its liabilities. The court, speaking through Justice Given, held that the action against both defendants was in the nature of a tort, and that there was not a misjoinder of parties defendant. The *Knott* case is distinguished in its facts from the case at bar in several particulars. In that case, appellant was the purchaser of and successor to the Cherokee & Dakota Railway Company, which had, as a part of the consideration for the purchase thereof, assumed and agreed to pay its liabilities. The cause of action had already arisen, and certainly there could be no practical objection to having it adjudicated in one action. The *Knott* case was referred to by the court in *Woodworth v. Iowa Cent. R. Co.*, supra; but, as the alleged misjoinder of parties had not been raised in the lower court, it was held to have been waived, and therefore it was not necessary to either approve or disapprove the court's holding in the *Knott* case. What is here said is for the purpose of distinguishing the *Knott* case from the case at bar, and is not to be construed as casting doubt upon the soundness of the earlier decision. If it departs in any sense from the statute, it is only in the strictest technical sense. No such relation exists between the appellees, who are the wrongdoers, and appellant. The contract of insurance is a contract of indemnity, and the liability arising thereunder is such as usually arises out of a contract of indemnity, which is in its very nature distinguishable from an existing liability assumed by a third party. Plaintiff's cause of action arose after the contract of indemnity was executed. The insurer's liability was assumed for the protection of the insured, and to indemnify him against such loss or damage as might subsequently result from the operation of his motor bus. At the time the policy was issued, there was no existing liability which appellant undertook to assume or could have assumed. It is true that appellant, by the terms of the policy, agreed to assume the defense of any action for damages brought against the insured for which indemnity was provided, and

further agreed to pay any judgment obtained thereon against the insured. Many obvious reasons exist for the incorporation of the provision in the contract reserving to the insurer the right to conduct the defense of actions brought against the assured. The contract also authorizes an action to be prosecuted against the insurer upon any judgment obtained against the insured, if an execution issued on such judgment has been returned unsatisfied. To hold, under the evidence and circumstances of this case, that the action can be maintained jointly against the wrongdoer upon the tort, and against appellant upon its contract of indemnity, would involve a violation of the statute and a conflict with our prior decisions.

The only question presented for decision upon this appeal is the ruling of the court upon the motion to strike the cause of action as against the defendants, upon the ground of misjoinder of causes of action. Our decision is limited strictly to this proposition.

It follows, from what we have already said, that the ruling upon the motion to strike cannot be sustained, and the finding and judgment of the court thereon is, accordingly,—*Reversed*.

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.