FEDERAL SURETY COMPANY, Appellee, v. DES MOINES MORRIS PLAN COMPANY, Appellant, et al.

No. 39850.

DECEMBER 13, 1929.

*Allen Lynch* and *Stipp, Perry, Bannister & Starzinger,* for Des Moines Morris Plan Company, appellant.

*Jordan & Jordan,* for Federal Surety Company, appellee.

*Harry L. Tschantz,* for Pewick Construction Company, appellee.

ALBERT, C. J.—A summary of the facts as recited in the petition and the various amendments thereto is substantially as follows: On September 29, 1924, the Pewick Construction Company entered into a contract with Marshall County to gravel certain roads. About the same time, the Federal Surety Company executed and delivered a bond to said county, guaranteeing the performance of the work and payment of just claims for labor, material, etc. On April 28, 1925, the Construction Company made a written assignment to the Des Moines Morris Plan Company of "all moneys or credits or both which may be due us for work done under written contract, a copy of which is attached hereto."

It is alleged that these funds were to be paid in trust to the Des Moines Morris Plan Company for the payment of all persons who had just claims for work or material, and also, after these had been paid, for the benefit of the Des Moines Morris Plan Company on account of certain indebtedness owed by the Pewick Construction Company to said Morris Plan Company. The Pewick Construction Company completed its work, and the same was accepted by Marshall County. Certain funds were paid by the county to the Des Moines Morris Plan Company, and it is alleged that said company breached its trust, in that

it applied said funds to the payment of its own debts, and left outstanding claims for labor and material unpaid to the amount of $993.27, which the plaintiff was compelled to pay, under the terms of its bond.

It is also alleged that the plaintiff had an assignment made, at the time the bond was executed, which was contained in the application for the bond, which, so far as material, reads as follows:

"The said principal [Pewick Construction Company] does hereby assign, transfer and convey to said company all the deferred payments and retained percentages, and any and all money and properties that may be due and payable to said principal at the time of such breach or default, or that may thereafter become due and payable to said principal on account of said contract, or on account of extra work or materials supplied in connection therewith."

This assignment bore date October 21, 1924. The deferred payments and retained percentages were accounted for, and are not involved in this case.

It is alleged that the Des Moines Morris Plan Company had actual and constructive notice of the above assignment to the Federal Surety Company.

The Des Moines Morris Plan Company filed, in effect, three motions attacking these pleadings. The first motion was to dismiss on the ground of misjoinder of causes; the second, a motion to strike all claims and causes of action stated against the Pewick Construction Company on the ground of misjoinder of *parties*; and the third, a motion to transfer the cause to the law docket. These three motions constituted three divisions of a motion to dismiss, but, in effect, operated as three separate motions. They were all overruled, and appeal is taken therefrom.

It is the claim of appellant that it has a right to have reviewed the ruling of the court on each of these motions.

The first motion is to dismiss on the ground of misjoinder of causes, and the Des Moines Morris Plan Company asked for an order dismissing the petition of the plaintiff as to it. If

appellant's contention in this respect be assumed to be true, how is such question to be reached?

This whole subject is taken care of in Chapter 485, Code, 1927, the remedy there provided being that the defendant shall file a motion to strike from the petition any cause or causes of action improperly joined with others. Section 10963. It is then provided that, if such a motion is sustained, the plaintiff may, by motion, be allowed to file several petitions, etc. It is quite apparent, therefore, that the question of misjoinder of causes cannot be reached in the way attempted by the appellant herein: in other words, by a motion to dismiss the case as against him.

The second ground of the motion to dismiss is a claim of misjoinder of parties. That the method pursued by the defendant in this respect is proper, see Section 11130 of the present

Code (1927), where it is specifically provided that a party may make a motion to dismiss where there is a misjoinder of parties. However, we have repeatedly held that, where there is a motion to dismiss under circumstances of this kind, the record must show an election to stand on the pleading, or that judgment was entered against the movant; and if this is not done, we will not consider the appeal. *Devoe v. Dusey,* 205 Iowa 1262; *Morrison v. Carroll Clinic,* 204 Iowa 54; *State ex rel. Ackerly v. Shepherd,* 202 Iowa 437. It was held that, under these circumstances, the defendant should have demurred. *Hanson v. Carl,* 201 Iowa 521; *Hansen v. Independent Sch. Dist.,* 193 Iowa 417; *Greeson v. Greeson,* 185 Iowa 1096. Therefore, so far as these two divisions of the motion to dismiss are concerned, there is nothing before us for consideration.

The third division of this "motion to dismiss" was a motion to transfer the case from equity to law. We are cited to the general rule that, where all that is asked is a money judgment, the

cause should be determined as an action at law. We have announced this rule numerous times in this court. Turning now to the pleadings in the case, however, we find in the petition a prayer that the defendants and each of them carry out the terms of the contract and pay all legal and just claims

filed against this primary road project, No. 240; or, in the alternative, if they failed to do so, that a judgment be rendered against each of them. They ask that an alleged assignment made to the defendant the Des Moines Morris Plan Company be set aside, etc. In an amendment to the petition, they further ask that they recover judgment against the Morris Plan Company for $1,157.08, and for attorney's fees, and that the funds now in possession of the Morris Plan Company be held to be a trust fund, subject to the payment of all liens for labor and material used on Primary Road No. 240, and that the Federal Surety Company be subrogated to the rights of the various successful claimants, and for other and further relief as may be equitable in the premises.

In a later amendment it is alleged that the Morris Plan Company came into possession of this fund as trustee, to be distributed by such trustee under certain plans therein set out, and they ask judgment in the principal sum, with interest and costs, and reasonable attorney's fees.

It is quite apparent, under the prayer of these various pleadings, that plaintiff is asking more than a simple money judgment. In other words, it is asking in one place for subrogation and for general equitable relief, and that the funds be declared a trust fund, to be distributed as marked out in the pleadings. With this condition of the pleadings, we do not think the defendant the Des Moines Morris Plan Company was entitled to have the cause transferred to law.—*Affirmed.*

EVANS, FAVILLE, DE GRAFF, and KINDIG, JJ., concur.