M. W. ELLIS, Appellee, v. GEORGE BRUCE et al., Appellants (and four other cases).

No. 41660.

November 22, 1932.

Burt J. Thompson, Dudley Weible, and Thomas & Loth, for appellees.

Miller, Miller & Miller and Senneff, Bliss, Witwer & Senneff, for appellants.

█ EVANS, J.—The plaintiff purported to allege a cause of action against the defendant George Bruce, as the owner of a truck. He averred that the driver of the truck was guilty of negligence. which caused the injuries complained of. The negligence charged against the truck driver was his sudden stopping of his truck on the highway without adequate warning to those driving behind him. As a result of the sudden stop, plaintiff's automobile, which was travelling in the same direction and behind the truck, collided therewith to the damage of the automobile in the sum of $1,500. The petition further alleged that the defendant Bruce was carrying liability insurance in that he was insured against loss by the defendant, Employers Mutual Casualty Company, for a maximum of $10,-000. The petition also alleged in substance that the injury sustained by the plaintiff was covered by the language of the policy and by statutory proviso whereby the plaintiff became entitled to maintain an action against said defendant Insurance Company for the loss sustained and to maintain such action jointly with an action against the insured. A copy of the policy was set forth in the petition and is before us for interpretation. It contains several conditions and qualifications compliance with which would be essential to the right of recovery thereon either by the insured or by the plaintiff. The question presented is whether the joining of plaintiff's respective causes of action against the tort-feasor and the Insurance Company is a misjoinder within the meaning of section 10963 of the Code. The following sections of the statute are involved:

"10960. Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition."

"10963. The court, at any time before the answer is filed, upon motion of the defendant, shall strike out of the petition any cause or causes of action improperly joined with others."

"10964. All objections to the misjoinder of causes of action shall be waived. unless made as provided in section 10963."

"10965. When a motion is sustained on the ground of misjoinder of causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in his discretion, to file several petitions, each including such of said causes of action as may be joined, and an action shall be docketed for each of said petitions, and the causes shall be proceeded in without further service, the court fixing by order the time of pleading therein."

It may be noted at this point, in anticipation of later discussion, that a misjoinder of causes of action does not defeat the jurisdiction of the court. In order to avail himself of the right to separate the causes of action, the defendant must move for such separation as provided in section 10963. A failure to move is a waiver of the misjoinder, and the case will thereafter proceed as if the joinder were proper. It occasionally happens therefore that the records before us disclose unchallenged joinders of causes of action, which joinders could have been challenged under the cited section.

On the surface of the record in the case at bar, it is almost identical with Aplin v. Smith, 197 Iowa 388. The question presented in that case and in this is quite identical. The reasoning in that case is apparently decisive of this one. That case was followed in Elder v. Maudlin, 213 Iowa 758. The opinion in the Aplin case devotes the following discussion to the question presented:

"Construing and applying the above statutes, we have held that a cause of action arising from tort may be joined with one arising on contract, if they are between the same parties in the same right, and have the same venue (Turner v. First Nat. Bank, 26 Iowa 562; Foster v. Hinson, 76 Iowa 714; Devin v. Walsh, 108 Iowa 428; Jenks v. Lansing Lbr. Co., 97 Iowa 342; Waters v. City of Sioux City, 193 Iowa 72) ; that a cause of action at law may not be joined with a cause of action in equity (Stevens v. Chance, 47 Iowa 602; Reed v. Howe, 28 Iowa 250) ; that, although the liability arises on separate instruments, both, under the express language of Section 3465, may be made parties (Bennett Sav. Bank v. Smith, 171 Iowa

405.) An action against the owner and operator of a motor bus and an action on a policy by anyone entitled to maintain the same naturally would be prosecuted at law. So far, therefore, as the jurisdiction of the court is concerned, they would be prosecuted by the same kind of proceedings. As already appears, the policy insured James R. Smith, owner of the bus, against loss or damages such as were suffered by the plaintiff; and it is the contention of counsel for plaintiff that the contract was made for his benefit, and that, under the statute and repeated decisions of this court, he is entitled to maintain an action against the Casualty Company thereon. Counsel also maintained that the action against the Casualty Company is in its nature an action in tort, and not strictly an action on contract. It is, of course, conceded that appellant did not commit the tort, but it is argued that it assumed liability therefor in the policy. * * * The contract of insurance is a contract of indemnity, and the liability arising thereunder is such as usually arises out of a contract of indemnity, which is in its very nature distinguishable from an existing liability assumed by a third party. Plaintiff's cause of action arose after the contract of indemnity was executed. The insurer's liability was assumed for the protection of the insured, and to indemnify him against such loss or damage as might subsequently result from the operation of his motor bus. At the time the policy was issued, there was no existing liability which appellant undertook to assume or could have assumed. It is true that appellant, by the terms of the policy, agreed to assume the defense of any action for damages brought against the insured for which indemnity was provided, and further agreed to pay any judgment obtained thereon against the insured. Many obvious reasons exist for the incorporation of the provision in the contract reserving to the insurer the right to conduct the defense of actions brought against the assured. The contract also authorizes an action to be prosecuted against the insurer upon any judgment obtained against the insured, if an execution issued on such judgment has been returned unsatisfied. To hold, under the evidence and circumstances of this case, that the action can be maintained jointly against the wrongdoer upon the tort, and against appellant upon its contract of indemnity, would involve a violation of the statute and a conflict with our prior decisions. * * * It follows, from what we have already said, that the ruling upon the motion to

strike cannot be sustained, and the finding and judgment of the court thereon is, accordingly, Reversed."

The result thus announced in that case is inevitable in this unless the case is distinguishable as contended by appellee in his brief, and we proceed to the consideration of the plaintiff's contention.

Stated briefly the argument of the plaintiff is:

1. That the petition purports to set forth *one* cause of action only, and not *two;* that the statement of the cause of action against the tort-feasor is essential to the statement of the action against the Insurance Company; that both defendants are liable for the one cause of action thus stated.

2. That the plaintiff is not suing upon a private contract between the insured and the Insurance Company; that he is suing upon a statutory liability, which supersedes the private contract; that the *statute* by its terms permits the plaintiff to prosecute the action against the Insurance Company and to prosecute it jointly with the action against the tort-feasor.

3. That the motions of the respective defendants were inadequate in form in that each defendant moved for the striking of the cause of action of the other, and failed to move for a dismissal of the cause as against himself.

I. If the first contention of the appellee be valid then Aplin v. Smith was wrongly decided. If only one cause of action is set forth in plaintiff's petition herein, then only one cause was set forth by the plaintiff in the Aplin case. As a matter of logic the contention of appellee is not without its plausibility. The field of difference between joinder of *parties* and joinder of *causes of action* has its zone of doubt and of fine distinction. We deem it clear, however, that an action of tort against a tort-feasor and an action of contract against a contracting party, do present different *causes* of action. True, plaintiff seeks but one recovery. But the liability for the recovery against the tort-feasor is predicated upon his wrongdoing; whereas the liability of the Insurance Company is predicated upon its contractual undertaking. The two purported causes of action are provable by different evidence. The contractual liability of the Insurance Company has no probative value to establish the liability of the tort-feasor for his tort. The liability of the Insurance Company upon its contract is subject to defenses which are

in no sense available to the tort-feasor. The insurance policy contains several conditions and qualifications. Proof of compliance with the conditions is incumbent upon the plaintiff. Such proof sustains no relation to the commission of the tort. Though it be true that the commission of the tort by the tort-feasor is a factor in the case of plaintiff against the Insurance Company, yet the existence of the insurance policy is not a factor in the creation of liability of Bruce for the tort. Such is the general idea underlying the discussion in the Aplin case, though the duality of the causes of action was not challenged therein.

We hold that the petition purports to set forth *two* causes of action, and not *one*.

II. The emphasis of appellees' argument is concentrated upon the second proposition above stated. It is argued that in the Aplin case only a private contract of insurance was involved; whereas in the case before us the liability of the Insurance Company is predicated upon the statute. This claim of distinction between the case at bar and the Aplin case is a legitimate one, but it is not so vital as the appellee contends.

The insured in this case was a truck owner. As a condition to his license he was required to carry insurance, which insurance was to be approved by the Railroad Commission. The statute also required in such a case that the insurance policy to be thus approved by the Railroad Commission should contain a specific statutory proviso.

For a discussion of this feature of the case we need to have before us two particular sections of the Code and we set them forth herein so far as material.

Section 8940, Sub. 5, Par. e, includes the following:

"* * * provided, that *should an execution on a judgment against the insured be returned unsatisfied* in an action by a person who is injured or whose property is damaged, when such owner or operator has insured his liability for such personal injury or damage, the judgment creditor shall have a right of action against the insurer to the same extent that such owner or operator could have enforced his claim against such insurer had such owner or operator paid such judgment."

Section 5105-a26 provides:

. . "No certificate shall be issued until and after the applicant shall have filed with the commission an insurance policy, policies or surety bond, in form to be approved by the commission, issued by some company, association, reciprocal or interinsurance exchange or other insurer authorized to do business in this state, in such penal sum as the commission may deem necessary to protect the interests of the public with due regard to the number of persons and amount of property involved, which insurance policy, policies or surety bond shall bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to property resulting from the operation of such motor carrier and for which such motor carrier would be legally liable. Such insurance policy, policies, or surety bond shall also provide that any person, firm, association or corporation having a right of action against such motor carrier for injuries to persons or loss of or damage to property, *when service cannot be obtained on the motor carrier within this state, may bring action for recovery directly upon such insurance policy,* policies or surety bond and against such insurance company, association, reciprocal or interinsurance exchange or other insurer or bonding company. No other or additional policies or bonds shall be required of any motor carrier by any city, town or other agency of the state."

It will be noted that Section 8940, above quoted, is the section that authorized the business of liability insurance and the issuance of insurance policies to that effect. The only limitation which it put upon the contractual terms of the policy was the proviso above quoted. The italics are ours. The effect of that provision was to allow a suit to be brought by the injured party against the insurance company only after the claim had been liquidated by a judgment against the tort-feasor and after execution under the judgment had been returned unsatisfied. The clear implication of this section is that no suit can otherwise be maintained against the insurance company except by the insured. Section 5105-a26, of the Code of 1931, is that which deals with the issuing of licenses by the Railroad Commission to truck operators. It requires that insurance be carried by the proposed truck owner and that the policy of insurance shall be approved by the Railroad Commission. It imposes the further mandate that the policy shall contain the proviso which we have quoted above. This proviso was incorporated in plaintiff's policy

of insurance. Likewise the proviso required under 8940, Sub. 5, Par. e, was incorporated therein. The inclusion of these two provisos conformed to every mandate of the statute as to the form of the policy, except that the policy was still subject to the approval of the Railroad Commission. With these provisos included, the Commission did approve the policy. The policy therefore did comply with all the requirements of the statute and is valid and binding according to its very terms. The plaintiff has pleaded it as the basis of his cause of action against the insurance company. He is entitled to the benefit of its provision in his favor and he is bound by its limitations. The only provisions either in the contract or in the statute which permit the plaintiff to sue in his own name upon the insurance policy, are the two provisos to which we have already directed attention. The plaintiff has not in this action brought himself within either proviso.

The plaintiff cites the case of Curtis v. Michaelson, 206 Iowa 111, wherein the plaintiff brought his action directly against the insurance company and prevailed therein. That case involved no *joinder*. The tort-feasor had absconded and no service could be had upon him. The suit was prosecuted against the insurance company alone. Construing Section 5105-a26 as it appeared in the Code of 1927, we held that it permitted the action. Since that decision that section of the statute was amended by adding a proviso thereto. This proviso put a limitation upon the right of the injured party to sue directly the insurance company, and such proviso appears in the Code of 1931. This is the proviso which we have quoted above. Its effect was to limit the right of the injured party to sue the insurance company to a case where personal service could not be had upon the tort-feasor within the state. Such is the present state of the statute.

Plaintiff also relies upon the case of Crozier v. Hawkeye Stages, 209 Iowa 313. This case involved an accidental injury to a passenger in a motor bus. He brought an action against the bus owner and against the insurance company. The joinder of the parties was not challenged by either defendant. At the close of the evidence the court directed a verdict for the bus owner on the ground that no negligence was proved, and yet ordered the jury to find a verdict against the insurance company for an amount to be determined by the jury. The theory of the trial court was that the policy insured against all damages sustained by the passengers in the operation

of the motor bus, regardless of the question of negligence. On appeal, we reversed both orders. The question of joinder was not raised in the case, nor was the question raised whether the insurance company was suable before judgment against the tort-feasor. The case therefore affords no support to the plaintiff's line of argument. We hold that there is nothing in the insurance policy sued on which contravenes any provision of the statute. On the contrary it incorporates the mandate of the statute as to the suability of the insurance company by third parties. The contract of insurance must therefore be given effect according to its terms, and these do not accord a right of action to a third party except under the limitation specified above. It cannot be said, therefore, that the statute supports or justifies the *joinder* complained of.

III. The other line of argument offered by the plaintiff in support of his contention is that the motions of the defendants were defective in form and that they were inadequate to justify their sustaining. The defendant Bruce moved to strike from the petition that part thereof which purported to state a cause of action against the other defendant. The insurance company filed a similar motion to strike all that part of the petition which purported to set forth a cause of action against Bruce. Plaintiff's contention is that each should have moved to strike that part of the petition which affected himself, and not that part thereof which affected his co-defendant. The statute provides, as above indicated, that upon motion of the defendant filed before answer, the court *shall* strike out of the petition any cause of action improperly joined. The statute does not prescribe the form of the motion. That is left to the ingenuity of the pleader. The question of the proper form of such motion is not without its perplexity. The form adopted by the pleading defendants in this case conforms to the settled practice of the bar as we have had occasion to observe it. We have not had heretofore an opportunity to pass directly upon the question now raised. However in Federal Surety Co. v. Des Moines Morris Plan Co., 209 Iowa 339, the defendants therein filed a motion to strike on the ground of misjoinder. That is to say each defendant moved to dismiss the petition *as to himself*, on the ground of misjoinder. We held that he was not entitled to ask for a *dismissal of the case as to himself* and impliedly held that he should have moved to strike the petition so far as it related to the other defendant. We said:

"It is quite apparent, therefore, that the question of misjoinder of causes can not be reached in the way attempted by the appellant herein; in other words by a motion to dismiss the case *as against him.*"

. . We hold that the form of the motion herein, which challenged the misjoinder was in accord with the settled practice of the state and was fairly adequate to the purpose to which it was directed.

We reach the conclusion that there was a misjoinder of causes; that the misjoinder was properly challenged, and that under the mandate of the statute the motion should have been sustained.

IV. The plaintiff has filed a motion herein to dismiss the appeal on the ground that the order complained of was not an appealable order. This motion was submitted with the case. One ground urged in support of his motion is that the order complained of was not prejudicial, and that the court will not reverse or consider a non-prejudicial order. If the order was erroneous it was presumed to be prejudicial. Moreover the statute by its terms implies that a misjoinder of causes of action is ordinarily prejudicial and lays a mandate upon the court to so regard it. The question before the trial court therefore was: Is there a misjoinder of causes of action? Yea, or nay? If yea, the statute is peremptory and confers no discretion upon the court to do otherwise than to separate the causes. The same mandate applies to this court on appeal.

In further support of the motion, the plaintiff urges that the procedure adopted by the defendants was insufficient in form, and that the overruling of the motion therefore presents nothing for our consideration on appeal. This same ground is urged in the principal argument on the submission of the case, and we have considered it in the foregoing Division III hereof. Needless to repeat that we deem the point not well taken. The principal argument however is directed to the contention that the order is not appealable within the terms of the statute. It is a matter of some surprise to us to discover that we have not heretofore passed directly on this question, though it be true that many appeals have come before us where the question could have been presented and was not. We came close to the question in First National Bank v. Gill & Co., 50 Iowa 425, wherein we held the order to be appealable. An order of the trial court overruling a motion to strike immaterial or redundant matter in a pleading has been held by us uniformly to be non-appealable. The plain-

tiff relies mainly upon that class of cases. They are not applicable. We have had occasion to hold in one or two cases that an order *sustaining* a motion of the kind now under our consideration, is appealable. Stanley v. City of Davenport, 54 Iowa 463; Waters v. Sioux City, 193 Iowa 72. It does not necessarily follow that a converse ruling would likewise be appealable. We have often held that an order *sustaining* a motion to strike a pleading in whole or in part is, or may be, appealable; whereas an order *overruling* such a motion is not necessarily appealable. The reasons are obvious, and we need not discuss them. Such reasons however are not necessarily applicable to a motion for the separation of misjoined causes of action. An order of the trial court *overruling* such a motion may operate even more harshly than an order *sustaining* such a motion. In any event, in all the appeals that have come before us wherein the question was involved and could have been raised, it has been quite uniformly assumed by counsel in the case that the order is appealable within the meaning of the statute. In the Aplin case, as in the case at bar, the appeal was from an order *overruling* the motions of the defendants. The same was true of the case of Federal Surety Co. v. Des Moines Morris Plan Co., 209 Iowa 339. In view therefore of the long and consistent attitude of the profession toward this question for the last half century, and in view of our own concurrence therewith, we think the question of the appealability of the order should be deemed settled by precedent. The motion to dismiss the appeal is therefore overruled.

For the reasons indicated in the foregoing three divisions hereof, the judgment below is—Reversed.

STEVENS, C. J., and ALBERT, KINDIG, and CLAUSSEN, JJ., concur.

BLISS, J., takes no part.