PEARL KELLOGG, Appellee, v. IRENE M. BELL and MASSACHUSETTS BONDING & INSURANCE COMPANY, Appellants.

No. 43511.

JULY 31, 1936.

OPINION MODIFIED AND REHEARING DENIED NOVEMBER 19, 1936.

F. A. Ontjes, for appellants.

W. A. Westfall, for appellee.

STIGER, J.—On March 7, 1934, the plaintiff filed her petition alleging that the defendant Irene M. Bell was, on or about July 9, 1931, registered as a dealer in securities under the Iowa Securities law, and on said date filed a surety bond in compliance with said law, the defendant Massachusetts Bonding and Insurance Company being the surety on said bond; that on August 10, 1931, the said defendant Irene M. Bell solicited plaintiff to purchase real estate first mortgage bonds of the Clear Lake Golf and Country Club, a corporation of Clear Lake, Iowa, and with the intent to deceive and defraud the plaintiff, made certain false and fraudulent representations about the bonds; that the plaintiff, believing and relying upon the said representations, purchased $300.00 of said bonds from said defendant; that she discovered the fraud on November 1, 1932. Plaintiff further alleges that under and by virtue of the terms of the bond it is provided that the defendant Massachusetts Bonding and Insurance Company ''shall pay, satisfy, and discharge any judgment or decree that may be rendered against such dealer in a court of competent jurisdiction in a suit brought by a purchaser of securities against such dealer in which it shall be found or adjudged that such securities were sold by such dealer in violation of law, or that such purchaser was defrauded in the sale of such securities, then this obligation to be void, otherwise to be and remain in full force and effect.''

Plaintiff demands judgment against the defendant Irene M. Bell and Massachusetts Bonding and Insurance Company in the sum of $300.00 with interest at six per cent from November 1, 1931.

The defendant Irene M. Bell filed a motion to strike from the caption of the petition the words ''and Massachusetts Bonding and Insurance Company'' and from the petition all that part thereof which purports to state a cause of action against the defendant Massachusetts Bonding and Insurance Company on the ground that the same is an improper joinder of causes of actions and parties.

The defendant Bonding Company filed its motion to strike from the petition the name of Irene M. Bell from the caption of the petition and all that part of the petition which purports to state a cause of action against the defendant Irene M. Bell on the ground of misjoinder of actions.

On June 12, 1935, the trial court overruled the motions to strike.

In its ruling on the motions the court found that plaintiff's action was brought under Code section 8581-c14, found in chapter 393-C1, Iowa Securities Act, which section prescribes the conditions of the bond required of dealers and salesmen by section 8581-c11. The court stated:

''This bond runs in favor of the State of Iowa for the use and benefit of any purchaser of securities. The Statute further provides that it shall not be necessary to join such dealer as a party. This whole Section contemplates the protection of purchasers of securities from a dealer who gives the bond as provided in said Section. *There is no provision in the Statute or in the bond to the effect that the surety shall be liable only after a judgment is obtained against the dealer.* The conditions of the bond as provided by the statute are very much akin to the provisions of an attachment bond as contained in Section 12088 of the Code. Under an attachment, as held by the court, an action for wrongful attachment must be brought on the bond. While the wrongful attachment may in a measure be a tort, that is merged in the suit on the bond. The real suit is on the bond with the necessity of showing that there has been a breach of the provisions. So in the matter as provided in Code section 8581-c14, the bond is given for the protection of any person who may sustain

damages by reason of any breach of the conditions of the bond and the action may be brought on the bond against the dealer and surety and proof of the breach of the conditions is necessary for recovery. If as contended by the said defendant it is necessary first to get a judgment against the dealer, the bond would be of no practical benefit to a buyer of securities from the dealer because of the provision that no action shall be brought on the bond after two years from the time the cause of action accrued, so if it was necessary to bring an action against Irene M. Bell and recover final judgment before an item could be brought upon the bond, then the matter could easily be delayed in district and supreme court until the right of action on the bond had expired.''

The defendant Irene M. Bell appeals from the ruling of the court. The plaintiff, appellee, contends that her action is on the bond, which she claims is a surety bond; that the surety, the defendant Bonding Company, is primarily liable and may be sued with the principal, Irene M. Bell; that defendants are equally liable and that she may sue both in a single action based entirely on the surety bond, and that it is not necessary to first obtain a judgment against the defendant Bell that she was, in fact, defrauded in the sale of the securities.

The trial court found that the suit was an action on the bond. The defendant, appellant, claims that plaintiff's action is a suit for damages sustained by the plaintiff, appellee, by reason of the fraudulent sale of the bonds and that plaintiff has joined with said action, an action against the Bonding Company on the bond and that there is a misjoinder of causes of action and of parties defendant.

 If this were an action for damages, as contended by appellant, there would be an improper joinder of a tort action with an action on the bond, not permitted by Code section 10960, and the motion to strike would be good. However, we think the appellee intended to and did bring her action solely on the bond, and there is therefore no misjoinder of causes of action.

Code section 8581-c14, which prescribes the conditions of the bond required of dealers and salesmen, reads as follows:

''Any bond required by section 8581-c11 shall be conditioned that the dealer shall properly account for any moneys or securities received from or belonging to another and shall pay,

satisfy and discharge any judgment or decree that may be rendered against such dealer in a court of competent jurisdiction in a suit or action brought by a purchaser of securities against *such dealer* in which it shall be found or adjudged that such securities were sold by the dealer in violation of this chapter or that such purchaser was defrauded in the sale of such securities. * * * Every such bond shall run in favor of the state of Iowa for the use and benefit of any purchaser of securities sustaining damages as a result of any breach of the conditions thereof, in the sum of five thousand dollars * * *. In suits against the surety upon such bond it shall not be necessary to join such dealer as a party. * * * Any person *injured by any breach of the bond* given by any dealer may sue on the bond of such dealer in any proper court of the state of Iowa of competent jurisdiction for the recovery of damages, not exceeding the amount of the bond, sustained in consequence of such breach, but no such action shall be brought after two years after the accruing of the cause of action thereon.''

The trial court overruled the motion to strike on the theory that this bond was similar to an attachment bond, provided for by Code section 12088, and that the tort is merged in the suit on the bond.

The condition of an attachment bond is that the plaintiff will pay all damages which the defendant may sustain *by reason of the wrongful suing out of the attachment,* and constitutes a primary obligation to pay damages.

Such is not the condition of the bond in question. The condition of this bond is not to pay all damages sustained by the plaintiff because of the alleged tort, but is to pay all damages resulting *from a breach of the bond.*

The appellee interprets this bond as a surety bond and claims that the defendant Bonding Company's obligation is primary and direct; that the obligation is to pay all damages suffered by the plaintiff through the violation of the defendant Bell of the provisions of the Security Act and that the defendants may be sued as joint and several obligors; and further contends that a judgment against the principal is not a condition precedent to an action on the bond and the trial court so held.

Appellee cites Knott v. Peterson et al., 125 Iowa 404, 101 N. W. 173; Ellis v. Bruce et al., 215 Iowa 308, 245 N. W. 320.

The case of Knott v. Peterson, supra, was a suit to recover damages for the death of plaintiff's husband due to his intoxication resulting from unlawful sale of liquors to him by the defendant Peterson. The United States Fidelity and Guaranty Company was made a party by reason of its having executed a bond as surety for Peterson conditioned that it should pay all damages resulting from the *unlawful sale of liquors by Peterson.* The court states on page 405:

"As the bond was conditioned to pay all damages resulting from the sale of liquors by Peterson, and *not to pay any judgment which might be rendered against him,* and Peterson and his surety were jointly and severally liable thereunder, there was no necessity for making Peterson a party, nor for a judgment against him as a condition precedent to a right of action against the Fidelity and Guaranty Company. * * * Section 2422 of the Code, imposing a statutory liability for *judgments* rendered against the principal, is not controlling; for it is the terms of the bond which are to govern in this case."

Section 2422 of the 1897 Code referred to in the above opinion provides that "where anyone is required under the provisions of this chapter (intoxicating liquors) to give a bond, the principals and sureties shall be jointly and severally liable for all civil damages and costs which may be *adjudged* against the principal for any violation of any of the provisions of this chapter."

It will be observed that the court in the Knott case distinguishes between a bond conditioned to pay damages caused by the tort, and a bond conditioned to pay any judgment which might be rendered against the principal. The condition of the bond before us is to pay any judgment that might be rendered against defendant, Bell.

In the case of Ellis v. Bruce, supra, the plaintiff brought suit for damages against the defendant Bruce and the Insurance Company in which he carried liability insurance for injuries received in an automobile collision. Code section 8940, sub. 5, Paragraph e, 1931 Code, which permits the writing of liability insurance includes the following:

"* * * provided, that should an execution on a judgment against the insured be returned unsatisfied in an action by a

person who is injured or whose property is damaged, when such owner or operator has insured his liability for such personal injury or damage, the judgment creditor shall have a right of action against the insurer to the same extent that such owner or operator could have enforced his claim against such insurer had such owner or operator paid such judgment.'' See also section 9024-g1, 1935 Code.

The court held in construing this section that no suit could be brought on a policy which indemnified the insured until a judgment is obtained against the insured and an execution on the judgment returned unsatisfied. Neither the Knott case nor the Ellis case, supra, sustain plaintiff's contention but on the contrary tend to sustain the construction we place on this bond. Under the bond in question, the surety does not undertake to pay the damage suffered by plaintiff because of the dealer's alleged tort.

The undertaking of defendant Bonding Company is that the defendant, Irene M. Bell, shall pay, satisfy, and discharge any judgment or decree that may be rendered against her in a court of competent jurisdiction in a suit or action brought by the plaintiff as a purchaser of securities in which it shall be found and adjudged the plaintiff was defrauded in the sale of the securities.

No suit has been brought by plaintiff against Mrs. Bell for damages for the tort. There has been no judgment that the defendant Bell defrauded plaintiff in the sale of the securities. Hence, there has been no breach of the bond.

There having been no breach of the bond, plaintiff has no cause of action on the bond. The bond before us for construction is neither a surety bond, nor strictly speaking, an indemnity bond. An indemnity bond is a direct undertaking. This bond is a collateral undertaking in the nature of guaranty and undertakes to be responsible for the default of Irene M. Bell if she fails to pay a judgment that may be obtained against her.

No cause of action has accrued on the bond and plaintiff is in no danger of the two-year limitation provided by code section 8581-c14.

The motions were to strike because of a misjoinder of causes of actions. We have held that there was no such misjoinder because the suit is on the bond.

The motion to strike because of the improper joinder of actions, was properly overruled by the court.

[■■] The trial court and the parties apparently treated the motion to strike as being also in the nature of a demurrer, because the bond was construed in the lower court which held that there is no provision in the statute or in the bond that the surety shall be liable only after a judgment is obtained against the dealer. This question is fully argued on the appeal. We cannot agree with this construction of the bond. The trial court was right in holding that an action may be brought by reason of any breach of the conditions of the bond. We hold there has been no breach of the bond.—Reversed and remanded.

PARSONS, C. J., and DONEGAN, KINTZINGER, and ALBERT, JJ., concur.