WADE & WADE, Appellees, v. CENTRAL BROADCASTING COMPANY et al., Appellants.

No. 44958.

NOVEMBER 14, 1939.

Stipp, Perry, Bannister & Starzinger, for appellants.

Bump, Graeser & Bump, for appellees.

HAMILTON, J.—The Central Broadcasting company, a corporation, maintained a department known as WHO Artists bureau. Through this department, engagements were made with fair associations and others for entertainment features, the broadcasting company employing actors and entertainers and farming them out to such associations. In June, 1938, after it had made contracts with various fair associations, the broadcasting company caused to be incorporated WHO Radio Enterprises, Inc., the capital stock of which was all owned by the broadcasting company and the officers and directors of which were also officers and directors of the broadcasting company. This subsidiary was created for the purpose of supplanting the artists bureau and taking over the business which had been handled through this bureau and did so conduct the business during all the time complained of. It undertook the manage-

ment and carrying out of the contracts with the fair associations as well as the contracts with the actors or entertainers, including those of plaintiffs. The broadcasting company, without consulting the other parties to the contracts, made an assignment of all such contracts to WHO Radio Enterprises, Inc. Certain of these contracts are involved in this action. Both of said corporations are made defendants and judgment is asked against both.

The petition is in four counts. In count I, the defendants are charged with refusing to permit Wade & Wade to perform at the various places for which they had been engaged and advertised and with inducing the fair associations to cancel their engagements resulting in injury to the reputation of the plaintiffs for which they ask damages. Count II is a claim for wages, under a certain contract of employment, which had been wrongfully cancelled by the defendants. Counts III and IV are similar to counts I and II, except that they relate to Dave and June Roberts, another pair of performers, whose causes of action were assigned to plaintiffs.

Separate motions to strike were filed by the defendants in which they each claim a misjoinder of parties and causes, each contending that counts I and IV are for damages to reputation of actors by billing them at certain fairs and then not permitting them to appear which causes of action, they assert, are against WHO Radio Enterprises, Inc., only; that counts II and III are for wages due upon contracts and are causes of action against Central Broadcasting company, only; that the two defendant corporations, being separate entities, may not be joined; and that the cause of action for damages to reputation is an action sounding in tort and may not be joined with an action for wages which is an action based on contract.

Reason for suing both corporations, as suggested in appellees' argument, was because of the position taken in another case brought by plaintiffs, involving another contract in which the Central Broadcasting company, only, was named defendant, and in which action it denied liability on the ground that all the contracts had been taken over by WHO Radio Enterprises, Inc., resulting in a novation relieving it from liability. This case, Wade & Wade v. Central Broadcasting company, was also appealed, 227 Iowa 422, 288 N. W. 439.

Appellees justify their right to bring both of said corpora-

tions into the contest on the theory that the court is at liberty to disregard corporate entity due to the fact that the Central Broadcasting company wholly owns and controls WHO Radio Enterprises, Inc., and further contends that, under Code section 10960, actions ex delicto and actions ex contractu may be joined when they are between the same parties in the same right and have the same venue, citing Alpin v. Smith, 197 Iowa 388, 197 N. W. 316, and other Iowa cases. Appellees also contend that the action for damages to reputation set up in their petition is not an action sounding in tort but is the natural damages which flow from a breach of contract for engagements of said actors and, in support of this, they cite Marbe v. Edwards, (English Court of Appeals, July 14, 1897) reported in 56 A. L. R. at page 888.

Without entering upon an elaborate discussion of the question, which would necessitate setting out the pleading and the contract, we have reached the conclusion that the vital question is the relationship existing between these two corporations and, as to this, there is involved, as shown by the petition, a question of fact impossible of determination on the pleadings with any degree of certainty and that the matter can be determined, after hearing the evidence, with much greater satisfaction to the court and with much less chance of injustice, unfairness and prejudice to the parties. The question to be ironed out, after having all the facts before the court, will be whether the corporate entity of WHO Radio Enterprises, Inc., may be disregarded because it is so organized and controlled and its affairs so conducted as to make it a mere instrumentality, agency, conduit or adjunct of the Central Broadcasting company.

We quote from Fletcher Corporations Permanent Edition, Vol. 1, Sec. 43, pages 154, 158, the following excerpts to show the trend of authority.

"Section 43—Corporate agencies or affiliates of other corporations.

"A very numerous and growing class of cases wherein the corporate entity is disregarded is that wherein it is so organized and controlled, and its affairs are so conducted as to make it merely an instrumentality, agency, conduit or adjunct of another corporation. One corporation may be disregarded where the two are identical or indistinguishable in fact. Unless it is

a mere instrumentality or agency or adjunct in that sense, or as a sham or is used in fraud, by the dominant corporation, it will not be disregarded.''

''In some of the cases at least, there seems to be no difference between holding a corporate principal bound by and liable for the acts of a corporate agent, and holding a natural person liable for and bound by the acts of his agent. The act of the agent is the act of the principal, and it is not necessary to disregard the agent or his responsibility to arrive at that result. When the Courts speak of 'disregarding the corporate entity' or 'fiction' in this sense, they speak figuratively, meaning that another corporation cannot be interposed as a 'shield' against the responsible party's liability. Courts have pointed out that what is called the metaphor of agency tends to confuse thought, unless regard is given to the actual submergence of independent management of the subsidiary by its own directors by a direct management by the principal corporation; and the test of this is said to be rather in the form in which it is exercised than in the substance of control by stockholding. There may have been no actual consensual agency, but if there was actual dominance and direction by which the act was the act of the parent corporation it is responsible. Nevertheless, these metaphors have become so general in the reports that they are a part of the doctrine, which cannot be understood without them.''

''Whether one is a mere agency or instrumentality or they are identical, is a question of fact, to be proved by competent evidence, although under some statutes it may be a matter of law that they are separate entities. This question of fact depends on many circumstances overcoming or failing to overcome the indicia of separate entities, sameness of members, officers and objects, and the absence of distinct interests, being indicia of agency, or identity, while differences in officers, objects or conduct are indicia of separate recognizable entities.''

For the reasons indicated, the case is, accordingly, affirmed. —Affirmed.

OLIVER, C. J., and BLISS, STIGER, SAGER, HALE, MILLER, RICHARDS, and MITCHELL, JJ., concur.